No. 76.—J. DAY & Co. plaintiffs in error, *vs.* HARDY G. CRAW-
FORD, executor, &c. defendant in error.

[1.] It is incompetent for a witness to prove a merchant's account, from merely having seen and examined the original entries.

[2.] It is competent to object to illegal testimony at any time.

[3.] A factor is bound to obey the instructions of his principal, as to the sale of produce. And if he disregard his orders, and injury accrues, the loss will fall upon him.

[4.] If a witness swear wilfully false upon any one material point, the Jury are at liberty to disregard his testimony altogether, unless corroborated by circumstances or other unimpeachable evidence.

Assumpsit, in Decatur Superior Court. Tried before Judge PERKINS. April Term, 1853.

This was an action of assumpsit, brought by the plaintiffs in error against the defendant in error, as surviving executor of Bennett Crawford, deceased, for the recovery of $354.80 cents, as a balance due on account.

The declaration alleged that plaintiffs were factors and commission merchants at Apalachicola, in the State of Flori-da, and as such, made a cash advance inclusive of interest, postage, &c. of $1774.28 cents; to Bennett Crawford, while in life, on 65 bales of cotton, which were to be shipped by plain-

tiffs to Fielder, Brothers & Co. at Liverpool, in England, and to be by them sold as the property of Crawford; that the cotton was shipped accordingly, and sold by Fielder, Brothers & Co. after deducting necessary expenses for $1474.94 cents. The action was brought for the deficit.

On the trial, plaintiffs proposed to read in evidence the depositions of Sidney Curtis and William C. Dickerson, to prove the account current annexed to the declaration, consisting of the advances made by plaintiffs to Bennett Crawford, and the expenses incident to the shipment and sale of the cotton. To the introduction of which testimony counsel for defendant objected, on the ground that it appeared from the answers of the witnesses to the cross interrogatories, that they derived their knowledge entirely from the books of plaintiffs."

The Court sustained the objection, and counsel for plaintiffs excepted.

The plaintiffs then proposed to read in evidence the depositions of Edward Hoyland, John Clancy and Daniel Campbell, taken in Liverpool, in England, to prove the sale of the cotton by Fielder, Brothers & Co. and the expenses incident thereto. Counsel for the defendant objected to their being read, upon the ground that the witnesses "testified from having seen the entries in the books of Fielder, Brothers & Co."

Counsel for plaintiffs insisted that the objection came too late, the cause having been submitted to the Jury, and the objection not having been filed.

The Court sustained the objection, and the evidence was ruled out.

The Jury found a verdict for the defendant.

Whereupon counsel for plaintiffs moved the Court for a new trial, upon the following grounds:

1st. Because the verdict was contrary to evidence.

2d. Because the verdict was contrary to law.

3d. Because the verdict was contrary to the charge of the Court, in this—"The Court charged the Jury that if they believed the advance was made by plaintiffs to defendant's testator or on his account, and the returns of sales from the ship-

ment to Liverpool, showed a deficiency on that advance, they must find for the plaintiffs that sum so deficient, with interest, provided the plaintiffs pursued the instructions of defendant's testator strictly, in the shipment and sale of the cotton; otherwise, they must find for the defendant, as he was not liable."

The Court refused to grant the new trial; to which decision counsel for plaintiffs excepted, and upon these several exceptions, have assigned error.

Lyon & Clark, for plaintiffs in error.

Dudley, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

This was an action like that of Fielder, Brothers & Co. against Wm. E. Collier, to recover for an over advance on cotton, made by the plaintiffs to Bennett Crawford, deceased, late of Decatur County.

[1.] Samuel B. Millican being offered as a witness by the plaintiffs, and it appearing that he had no other knowledge of the case except that derived from the plaintiffs' books, which were not kept by him, the Court excluded his testimony, and we think very properly. Let the clerk prove the books who made the entries in the due course of his business. Or if he be dead or beyond the jurisdiction of the Court, then upon proof of that fact, the books can be verified in the ordinary way. Daniel Campbell's testimony, who was not a clerk, but a partner of the firm of Fielder, Brothers & Co. is obnoxious to the same objection.

When the judgment was rendered in this case, we understood that Hoyland and Clancy testified as to the books kept by them for Fielder, Brothers & Co. Upon a more careful examination of the record, I am left in doubt upon this point. It is no objection to their depositions that their memories are refreshed by seeing the entries made by themselves. And if their testimony was excluded upon this ground, it was error

for the reasons given in the other case, in which they were sworn. But if, like Mr. Millican, they testify from merely having seen an account of the dealings between the parties, entered by others, why then, upon the same ground that his evidence was excluded, theirs should be also.

[2.] There is nothing in the idea, that the objection to the interrogatories of Hoyland and Clancy came too late, the cause having been submitted to the Jury. That rule applies only to the execution and return of interrogatories, the form of the commission or service of notice. All objections on account of these, on appeal trials, must be made by the party seeking to avail himself of them, before the cause has been submitted to the Jury, or they will not be heard by the Court.

But objections to the competency of testimony may be taken at any time, and with or without notice to the adverse party.

[3.] The testimony having closed, the Court charged the Jury that "if they believed the advance was made by plaintiffs to defendant's testator, or on his account, and the return of sales thereon shewed a deficiency to cover the amount so advanced, they must find for the plaintiff the difference, with interest, provided the plaintiffs pursued the instructions of the defendant's testator strictly, in the shipment and sale of his cotton; *otherwise they must find for the defendant.*"

As a general rule, factors are certainly bound to obey the instructions of their principal. And if they fail or refuse, and injury is sustained, they are accountable for the loss. For example, J. Day & Co. advance $1774.28 to Bennett Crawford in his lifetime, on 65 bales of cotton, which is shipped to Liverpool, with instructions from the owner to sell before the next crop comes into market. It is sold, after deducting necessary expenses, for $1474.94. Suppose it appear from the proof, that the sale was not in fact made until several months after the new crop was in market; that the price had been depreciated by reason thereof. J. Day & Co. would unquestionably be accountable for the loss. And their claim would be subject to a further deduction to that amount, whatever it is shown to be.

But it is not true in point of law, that they cannot recover at all if they have disobeyed instructions. The defendant might possibly be benefited by the departure from orders. But whether he is or not, the factor is liable only for the loss he has occasioned, and to the extent of that loss. If it cover the whole deficiency between the advancement and the sales, in that event he can recover nothing. But if less, he is entitled to a verdict for what remains, after setting over the loss to his account.

The Court farther charged the Jury, that if the advance was made by plaintiffs to Perry & Dickerson, and on their account, that the plaintiff could not recover in this action against the estate of Crawford.

We view this charge as rather conjectural, for want of proof to warrant it. It is true that there is an entry of this item in the transient account of Perry & Dickerson, dated 14th April, 1845. And it is according to mercantile usage to debit primarily the advance to the person who actually negotiates the transaction, whether on account of himself, or some third person. But, on the 14th of May, 1845, the balance, as returned in the account current of Fielder, Brothers & Co. is charged in plaintiff's books to Bennett Crawford. The testimony of Curtis & Dickerson make it manifest, that J. Day & Co. made the advance, and to Bennett Crawford.

The Court farther charged the Jury, that if, in making this advance, plaintiffs acted as the agents of Fielder, Brothers & Co. and paid their money, they must find for the defendant.

We look upon this charge also, as hypothetical. There was no evidence to show that Day & Co. acted as the agent of Fielder, Brothers & Co. in this business, and paid their money. There is positive proof to the contrary.

[4.] The Court farther charged the Jury, that if the witness, Sidney Curtis, swore falsely in any material point, that he was not to be believed at all.

This charge, like all the rest, was excepted to. We are rather inclined to hold, that if a witness is false in one matter, he is to be disbelieved in all, unless corroborated by circum

stances or other unimpeachable evidence. If a Jury would convict a witness of perjury upon his own testimony before them, then certainly, they could not find a verdict on that testimony unsupported. If a witness commit wilful perjury, even upon a collateral fact, it would cast such a shade upon his evidence, that the Jury could not find a verdict upon it. Much more, if the fact be a main one, about which he testifies. We do not dispute the rule of evidence, therefore, thus enunciated. We do doubt most capitally, however, whether it was not more strongly expressed than the facts of the case justified.

Judgment reversed.