HENRY R. L. LONG, plaintiff in error, *vs*. EDWARD McDON-ALD, defendant in error.

1. A suit was instituted in the county of Early against L. and P, alleging they were partners, L. residing in the county of Clarke, and a short time before the session of the Court in Early, at which the case was tried, P. died. The defendants counsel moved to continue the case as to L, the alleged surviving partner, upon the ground, that the partnership was denied, and the survivor, L, had relied upon the evidence of P, the decedent, to disprove the alleged partnership, but in consequence of the sudden and unexpected death of P, there had not been time to procure the evidence of L, the other partner, who lived in the county of Clarke, to disprove the alleged partnership : *Held*, that the Court erred in overruling the motion for a continuance upon the showing made therefor as stated in the record.

2. When one of two contracting partners is dead, the plaintiff cannot be a

Loug *vs.* McDonald.

witness against the surviving partner to prove a contract made with the *deceased partner.*

3. A plea denying the existence of a partnership is a plea in bar, and although sworn to, is not a *dilatory* plea which is required to be filed at the first term of the Court.

Partnership. Pleadings. Evidence. Tried before Judge HARRELL. Early Superior Court. April Term, 1869.

McDonald brought complaint against said Long, of Clarke county, and John M. Phinizy "partners and farmers of said county," upon an open account for supplies for the farm, etc. Long was named by initials only. The suit was brought in January, 1868. At April Term, 1869, Long being then the survivor and absent, his attorneys plead the general issue, and that Long "never authorized Phinizy to contract the account here sued on, and that he is not now and never was Phinizy's partner." After filing these pleas, Long's attorneys moved to continue the cause upon the ground that Phinizy had died suddenly, in Early county, where he resided, within a few days previously; that Phinizy had expected to establish said defence by his own testimony, and that therefore no steps had been taken to procure the testimony of Long, who resided in Clarke county, and who could also sustain said defence; that Phinizy's death was so unexpected and sudden that they could not get Long's testimony in time. The Court refused to continue the cause.

Long's attorneys then moved to suspend the cause till Phinizy's administrator could be made a party defendant. This was refused by the Court. They then moved to dismiss the cause, because the declaration did not show that the Court had jurisdiction, and because Long was sued by his initials only. The Court allowed Long's name put in by amendment, overruled the motion and ordered the cause to proceed. Plaintiff's attorneys moved to strike the plea of no partnernership, upon the ground that it was defective and was filed too late. It was stricken. During the trial plaintiff's attorneys proposed to read plaintiff's interrogatories, in which he testified that Phinizy told him that he and Long were part-

ners, as charged, etc. This testimony was objected to because Phinizy was dead. The Court overruled the objection, and the interrogatories were read in evidence.

The plaintiff closed, and Long's attorneys offered testimony to show that there was no partnership, but the Court would not allow it given to the jury. The Court charged the jury, among other things, that they had nothing to do with the question of partnership. The jury found for the plaintiff.

Long's attorneys moved for a new trial, upon the grounds that the Court erred in refusing the continuance, in refusing the suspension, in refusing to dismiss upon the grounds taken, in not respecting the plaintiff's interrogatories, in striking out said plea of no partnership and refusing to hear evidence on that subject, and in charging as aforesaid. The new trial was refused, and this is assigned as error on each of said grounds.

L. C. RUTHERFORD, J. E. BOWER, L. J. GLENN, for plaintff in error, cited Moore vs. Harlan and Hollingsworth, 37th Ga. R., 623, as to the testimony of a party.

WM. D. KIDDOO, for defendant, cited as to the plea Stephen on Pl., 215 ; 1st Saunders', 28 note 3 ; Mason vs. Dickinson, 24th Ga. R., 211 ; 1st Chitty's Pleading, 523 ; 6th Johnson's R., 63 ; 11th do., 582 ; 18th do., 28 ; 20th Ga. R., 1 , 25 Ga. R., 608, 641. As to party being witness he cited Leaptrot vs. Robertson, 37th Ga. R., 586 ; and said there should not be a new trial even if the Court did err, citing Johnson vs. Johnson, 30th Ga. R., 857; Lumpkin vs. The Female College, 30th Ga. R., 4.

WARNER, J.

The errors assigned to the judgment of the Court below in this case are: First, Because the Court refused to continue the cause upon the showing made therefor as stated in the record. Second, because the Court admitted the evidence of McDonald, the plaintiff, as to the contract made between him and Phinizy, who was dead. Third. Because the Court

Long *vs.* McDonald.

ordered the plea of Long, denying the partnership, to be stricken, and in refusing to hear any evidence on that question.

In regard to the first point made, the Code declares that all applications for continuances, not expressly provided for therein, are addressed to the sound legal discretion of the Court, and shall be granted or refused, as the ends of justice may require. Section 3480. In view of the facts in this case, upon which the motion for a continuance was based, we are of the opinion, that the ends of justice required that the Court below should have exercised its sound *legal* discretion, and have continued the case upon the showing made therefor.

2. In regard to the admissibility of the evidence of McDonald, the party plaintiff, to prove the sayings and declarations of Phinizy, who was dead, for the purpose of establishing the fact, that Long and Phinizy were partners, the Court below was clearly in error according to the previous rulings of this Court, in its construction of the Act of 1866. Leaptrot vs. Robertson, 37th Ga. R., 586; Moore vs. Harlan & Hollingsworth, *Ibid,* 623. When one of two contracting partners is dead, the plaintiff cannot be a witness against the surviving partner to prove a contract made with the *deceased partner.*

3. As to the dismissal of the defendant's plea denying that he was a partner of Phinizy, because not filed at the first term. We have had more difficulty in construing the 1888th and the 3404th sections of the Code. The one declares that, "Partners suing or being sued in their firm name, the partnership need not be proved, unless denied by the defendant on oath upon plea in *abatement* filed." The other declares that, "No *dilatory* answer shall be received or admitted, unless an affidavit be made to the truth thereof, and must be filed at the first term." It is insisted here, that a plea in abatement denying the existence of the partnership, is a *dilatory* plea, and must be filed at the first term of the Court after the commencement of the suit, and cannot be filed afterwards. It is true that the 1888 section denominates the plea denying the partnership a plea in *abatement,* but does not

declare, that it shall be filed at the first term of the Court. But is a plea *denying* a partnership, according to the strict rules of pleading, a *dilatory* plea? If in a suit against a co-partnership, some of the partners were omitted or sued by a wrong name, a plea in abatement stating who were the partners, and their proper names, would be a *dilatory* plea, for it would only *delay* the plaintiff and give him a better suit; but a plea *denying* that the defendant was a partner, and not liable to the plaintiff at all as such, cannot be said to be a *dilatory* plea; for such a plea does not merely *delay* the plaintiff in his suit, but *denies his right of action against him altogether*, and is therefore a plea in *bar*. "Pleas in *bar* deny that the plaintiff has *any* cause of action; and do not, like pleas in abatement, give a better suit." 1st Chitty's Pleading, 459. In the case of Holman vs. Carhart, (25th Ga. Rep., 608,) this Court held that, "a plea by one of two persons sued as partners, that he did not sign the note sued on, or authorize any other person to sign it for him, and that he was not one of the partners when the debt was contracted, is *not* a plea in abatement, but a plea in *bar*." Construing the two sections of the Code in the light of this decision we hold that the defendant's plea *denying* the partnership was a plea in *bar* of the plaintiff's right to recover; and although sworn to, was not a *dilatory* plea which is necessarily required to be filed at the first term of the Court, as required by the 3404th section of the Code. Let the judgment of the Court below be reversed.