GEORGE G. CRAWFORD, administrator, plaintiff in error, *vs.* W. S. STETSON & BROTHER, defendants in error.

In a suit upon an unliquidated account, the plaintiff stated in his answers to interrogatories taken out in his own favor, to which was attached a copy of the account sued on, as follows : "We did keep a regular set of books in the years 1867 and 1868, and the account is correct :"

*Held*, that this was not sufficient proof of the account; the answer, plainly, is based upon the books, and they should have been produced, proven and supported, in the usual way.

Account. Evidence. Before Judge BARTLETT. Morgan Superior Court. March Term, 1873.

Crawford *vs.* Stetson & Brother.

W. S. Stetson & Brother brought complaint against George R. Jessup on an account for $282 95, with interest, attaching to their declaration a bill of particulars.   The defendant filed several pleas, unnecessary to be set forth.

Pending the litigation, the defendant died, and George G. Crawford, as administrator *de bonis non cum testamento annexo,* was made a party in his stead.

The depositions of the plaintiffs were introduced, containing this answer to an interrogatory propounded to them: "We were merchants in 1867 and 1868, and kept a regular set of books in the years 1867 and 1868, and the account is correct."   The account referred to was a copy of the bill of particulars attached to the declaration.   This evidence was objected to, and the objection overruled.   The jury found for the plaintiffs.   A motion for a new trial was made, based upon the ground, amongst others, of the admission of the testimony aforesaid.   The motion was overruled, and defendant excepted.

McHenry & McHenry; Billups & Brobston, for plaintiff in error.

Reese & Reese, for defendants.

McCay, Judge.

We do not enter upon the question as to the weight of the testimony in this case, except to say that we think the jury have been very liberal in their allowances to the plaintiffs below.   We place our judgment upon the error of the court in permitting the plaintiffs to prove their account in the manner it is done in their answers to the interrogatories.   An inspection of the account will show that whilst there are several large items in it, yet it is made up of a very large number of items, many of them small, and such as it is hardly possible for any human being to remember.   The statement of the plaintiffs is, that they kept a regular set of books, and that the account is correct.   One is driven, from the nature of the account and

from the language used by the witnesses, that they mean by this it is correct according to the books, and that they do not testify of their own knowledge.   To establish an account by books, the books must be produced and proven by those who have had accounts upon them, to be usually correct; and must, upon inspection by the court, be free from any suspicion of fraud: Code, sec. 3777.   At best, this sort of evidence is only secondary, and secondary evidence of secondary evidence ought not to be used: 17 *Georgia*, 65; 18 *Ibid.*, 74; 18 *Ibid.*, 457, 693.

Judgment reversed.