THOMAS B. WILLIAMS, executor, plaintiff in error, *vs.* MI-
CHAEL A. McDOWELL *et al.*, defendants in error.

1. Where, upon an accounting between an executor and the legatees, a note made by the former was found in his inventory of the property of the testator and embraced in the appraisement thereof, which he claimed to represent an advancement made to him by such testator, he was a competent witness to show how he came to return said note in the inventory, but incompetent as to any matters which passed between the testator and him as to the same.

2. Where the verdict must have been the same even if the excluded evidence had been admitted, a new trial will not be ordered.

Administrators and executors.   Witness.   New trial.   Immaterial error.   Before Judge KIDDOO.   Jasper Superior Court.   August Adjourned Term, 1874.

For the facts, see the decision.

W. A. LOFTON ; C. A. BARTLETT, for plaintiff in error.

KEY & PRESTON, for defendants.

WARNER, Chief Justice.

This was a motion for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and because the court erred in refusing to allow the defendant to testify as to the circumstances under which the note, the subject matter of the suit, was made, and to explain how he came

Williams *vs.* McDowell *et al.*

to return the note in his appraisement bill.    The court over-ruled the motion, and the defendant excepted.

1. It appears from the record that the defendant was one of the executors of Daniel McDowell, deceased, and as such executor was called on to account for the estate of the testator in his hands.    It also appears that he returned to the apprais-ers of the testator's estate his own note for $1,000 00, and was charged therewith in his appraisement bill, and the ques-tion on the trial was whether he should account for the prin-cipal and interest due on that note, or whether, as he insisted, it was an advancement made by the testator to him in his lifetime.    The jury found that he was liable for the payment of the note.    The defendant was an incompetent witness to testify as to what took place between himself and the testator in relation to the note, but was a competent witness to testify and explain how he came to return the note in his appraise-ment bill; but the difficulty in relation to this point in the case is, that the bill of exceptions does not state what expla-nation he proposed to make or prove, so that this court can judge of its materiality, if indeed such explanation, in view of the evidence in the record, would have been material.

2. In our judgment, the evidence in the record is quite clear that this note was not an advancement, and was not so intended to have been by the testator, and whatever explana-tion the defendant might have given for charging himself with it in his appraisement bill could not have changed the legal *status* of the note and his liability to account for it as part of the assets of his testator.    The verdict was right un-der the evidence, and we will not disturb it for the alleged error in the ruling of the court.

Let the judgment of the court below be affirmed.