PRINTUP, BROTHER & POLLARD vs. JAMES.

73 583
e121 616

1. A memorandum not proved to be a copy of a lost book is not admissible in evidence to show its contents.
2. Where a record of a homestead was introduced to impeach a witness by showing the omission from the schedule of the debt in suit, it was admissible for him to explain such omission.
3. The first two requests to charge are not without objection. The first was matter for the jury, and it would be going too far for the

court to tell them what was or was not a good refresher of a witness's memory.

(*a.*) A request to charge, which would amount to an opinion on the weight to be attached to the fact that the debt sued on was left out of the schedule accompanying an exemption taken by the plaintiff, was properly refused.

4. There was no error in refusing to charge, "that entering a new service raises a presumption of payment for previous services," on the facts of this case, if it be law at all. It is for the jury exclusively to determine what presumptions arise from the facts here.

5. The presiding judge being satisfied with the verdict, there was no abuse of discretion in refusing a new trial on the evidence.

January 6, 1885.

Evidence. Homestead. Charge of Court. Presumptions. Payment. Verdict. Before Judge Eve. City Court of Richmond County. October Term, 1883.

James sued Printup, Brother & Pollard on an account for $383.00. Of this $216.35 was for services as a blacksmith in 1876 and 1877, and the balance for services as clerk from December, 1877, to April, 1878. Defendants pleaded the general issue and payment.

The evidence was conflicting. The jury found for plaintiff $176.35. Defendants moved for a new trial, on the following grounds:

(1.) Because the court refused to permit the introduction in evidence of a statement made out by the bookkeeper of the defendants, under the direction of the defendant, William J. Pollard, from memory, since the commencement of this suit, and which was identified by him to show the contents of a lost book kept on the plantation by witness's wife, and which set out the advances made by the defendants to the plaintiff, it having been made to appear to the court that the plantation book, by which settlements were made annually, and upon which the advances for the years 1876 and 1877 to the plaintiff were set out, had been lost and could not be found.

(2.) Because the court permitted the plaintiff, when

offered as a witness in rebuttal, to testify and explain why he had not inserted in the schedule of property annexed to his application for a homestead, filed April 10, 1882, in the court of ordinary of Burke county, any reference whatever to this debt, now sued for, his affidavit having been made to the truth of the schedule at the granting of the homestead application April 22, 1882, and having been admitted by the court for the purpose of showing contradictory statements of the plaintiff. The verbal explanation admitted by the court, over the objection of defendants' attorney, was that he was asked, at the time the schedule was made by his attorney, as to whether or not he should insert this particular claim in the schedule, and his attorney advised him not to do so, if he had any doubts of recovering in the action, and that, entertaining such a doubt, he, plaintiff, had not inserted it. The objection was that this parol testimony impeached the record of another court of original jurisdiction upon the subject-matters involved, and prevented it having such faith and credit as the record was entitled to under the constitution of the United States and the laws of this state.

(3.) Because the verdict was contrary to evidence.

(4.) Because the court refused to charge the jury, as requested in writing by the defendant's attorney, as follows:

(a.) "That if it appears that the plaintiff has not kept fair and correct books of account, testimony based upon refreshing his memory by reference thereto should not avail him."

(b.) "The taking of an oath to a homestead exemption taken out by plaintiff in the schedule to which the debt sued for does not appear, is a strong circumstance against the validity of this claim, unless you are satisfied that this claim was legally and properly omitted from the schedule."

(c.) "That entering a new service at the close of a previous term raises the presumption of payment, and the

burden is upon the plaintiff to overcome it to authorize a recovery for the first service."

The motion was overruled, and defendants excepted.

FRANK H. MILLER, for plaintiffs in error.

HARPER & BRO., for defendants.

JACKSON, Chief Justice.

The defendant in error sued the plaintiffs in error for services rendered them in the way of blacksmith work and other labor.

The jury found for him one hundred and seventy-six dollars and thirty-five cents, and the plaintiffs in error made a motion for a new trial; the court refused to grant it, and error is assigned on that refusal.

1. The memorandum was not proved to be a copy of the lost book, so as to go in evidence. Its rejection as a mere memorandum to refresh the witness's memory perhaps did no hurt, as he swore to the substance of it. The entries were not made by witness nor the book-keeper, but by witness's wife, who was not sworn. How his memory could be refreshed by it, except by hearsay, it is difficult to see any way. 13 *Ga.*, 508; 17 *Id.*, 65; 64 *Id.*, 243; 1 Greenleaf, §§437–8.

2. The explanation of the omission of this debt from schedule of homestead and exemption record from Burke was admissible. That record was introduced to impeach him, and witness had a right to say why he omitted it. It did not impeach, but only explained the record. 54 *Ga.*, 222; 68 *Id.*, 359.

3. The two first requests to charge the jury are not without objection, because the first is matter for the jury, and it would go too far for the court to tell them what was or was not a good refresher of his memory; and the second would amount to an opinion of the weight of evidence

to be attached to the fact that the debt sued on was left out of the plaintiff's exemption schedule.

4. We do not see that the court erred in refusing to charge " that entering a new service raises a presumption of payment for previous services," on the facts in this case, if it be law at all. It is for the jury exclusively to determine what presumptions arise from the facts here. See 49 *Ga.*, 19.

5. The judge being satisfied with the verdict and refusing a new trial, we see no abuse of discretion in his exercise of it on the evidence in refusing a new trial in this case.

Judgment affirmed.