SOLOMON & SON *vs.* CREECH *et al.*

1. Counsel being marked upon the docket for the defendants at the appearance term, the case is considered as answered, and the plea of the general issue filed. Such plea is amendable at a subsequent term by a plea in behalf of one of the defendants denying the existence of the alleged partnership as to him.

2. The evidence of a subscribing witness to a mortgage, based on an examination of the record of such mortgage, and tending to prove that a copy of the instrument annexed to his interrogatories corresponds with the record, is not admissible as against the mortgagees, without first accounting for the original. Nor is it admissible to establish an alleged partnership consisting of three persons, when the partnership which the copy describes consisted of two of these only.

3. If a witness testify to the correctness of an account annexed to his interrogatories, and no account is annexed to the same or to his answers as they appear in this court, there can be no reversal here of a judgment excluding his evidence.

4. A witness who kept the plaintiffs' books, testifying to the correctness of the account sued upon, but basing his evidence upon an examination of the books, together with other documents, and admitting that he did not sell the goods, is not competent to prove their sale and delivery, the books themselves being higher evidence than his information derived from them.

March 18, 1889.

Pleadings. Amendment. Partnership. Evidence. Witness. Accounts. Practice in Supreme Court. Before Judge HANSELL. Brooks superior court. May term, 1888.

Reported in the decision.

W. C. McCALL, by brief, for plaintiffs in error.

E. P. S. DENMARK and D. W. ROUNTREE, by brief, *contra.*

BLECKLEY, Chief Justice.

The suit was against J. B. Creech and Charles R. Creech, as survivors of H. M. Fearnside & Co., upon an account against the partnership dated in 1882. The sheriff served J. B. Creech personally, and R. C. Creech by leaving a copy at his most notorious place of abode. It is probable that Charles R. and R. C. are one and the same person. It seems that no plea was filed until after the appearance term. The name of counsel was, however, marked for the defendant. In *Simon vs. Myers*, 68 *Ga.* 74, it was held that, counsel being marked on the docket for the defendant, it has been the practice to enter the case answered, on the call of the appearance docket. When there is no such call, the marking of the name of counsel alone at the first term is sufficient, and the general issue will be considered as filed. Although section 1898 of the code designates the plea of no partnership as a plea in abatement, yet it was held in *Long vs. McDonald*, 39 *Ga.* 186, that a plea denying the existence of a partnership is a plea in bar, and although sworn to, is not a dilatory plea, which is required to be filed at the first term of the court. Here J. B. Creech pleaded under oath that he was not a member of the firm of H. M. Fearnside & Co. at or after the time the account sued on was contracted.

1. The first point made is that the plea was filed too late. On the authority of the cases just cited, we think it was in time.

2. The court excluded evidence offered by the plaintiffs below, and having so done, granted a nonsuit. If the

evidence was properly excluded, the nonsuit was a logical sequence, for nothing was before the jury upon which to base a verdict. All the plaintiff's evidence seems to have been taken by interrogatories. F. J. Fearnside testified that he had examined a certain record of a mortgage in Florida, made to H. M. Fearnside & Co., to which mortgage he was a subscribing witness. It is probable that this evidence was intended to prove the partnership alleged, but the copy of the mortgage annexed to the interrogatories, as set out in the bill of exceptions, shows that the instrument was made to a partnership composed, not of three persons as alleged in the declaration, but of only two, to wit, Henry M. Fearnside and James B. Creech, using the name and style of H. M. Fearnside & Co: Moreover, there was no attempt, so far as appears, to account for the nonproduction of the original mortgage. For these two reasons the interrogatories of F. J. Fearnside were properly excluded. They had no tendency to prove a partnership consisting of H. M. Fearnside, James B. Creech and Charles R. Creech, and had they not been obnoxious to this objection, they would not have been admissible; for a copy of a deed taken from the register is not admissible evidence against the grantee, without notice to him to produce the original. Commonwealth *vs.* Emery, 2 Gray, 80; Code, §3767.

3. In order to prove the account sued upon, the answers of Norden were offered in evidence, and he testified that the account annexed to the interrogatories exhibited to him was correct; but in the bill of exceptions (and we cannot look out of the same, as there was no motion for a new trial) no account whatever is set forth as having been annexed to his interrogatories. So we cannot assume that the account concerning which he testified was the same as that upon which the action

was brought. The court having excluded his evidence, and the plaintiff in error not having set forth the ground of exclusion, we are left to discover for ourselves such ground as we can ; and we find that no account being attached to his interrogatories, this was a sufficient ground. The bill of exceptions merely states that the court rejected the evidence upon oral objections made by defendant's attorneys, and seems studiously to conceal what objections were presented.

4. L. B. Glover testified by interrogatories that he was the bookkeeper of the plaintiffs, and that he knew the account was correct, because he had examined the original entries made on the day of sale, and found them to be in usual order, and that he had examined the original dray receipts signed by the railroad clerk who received the articles, and he found the items in the bill to agree with the original entries; that the goods were sold upon written orders, which orders were attached to his answers, but that he himself did not sell them. This evidence was excluded also upon oral objections, but the excepting party is equally reticent as to what the objections were as in the preceding instance. Why this concealment should have been practiced upon us we can only conjecture, but we find that this witness knew of the correctness of the account only by certain entries on the books which he kept; and it was ruled in *Day & Co. vs. Crawford*, 13 *Ga.* 508, that it is incompetent for a witness to prove a merchant's account from merely having seen and examined the original entries. To the same effect is *Crawford vs. Stetson*, 51 *Ga.* 120.

We think, therefore, that the court committed no error in excluding this evidence.

Judgment affirmed.