WATSON *v.* BARNES, constable, *et al.*

1. An admission by the defendant, in his answer, that the allegations in a certain paragraph of a plaintiff's petition are true, can not be construed to apply to an amendment to such paragraph, containing additional and more specific allegations, which is offered after the answer has been filed; nor does the failure of the defendant to reply to the amendment relieve the plaintiff of the necessity of supporting the allegations of the amendment with evidence, when the case comes on to be tried.

2. After the evidence for both parties has been introduced and argument of counsel commenced, it is within the sound discretion of the trial judge whether or not he will allow the plaintiff to introduce additional evidence vital to his case. And where it appears that such discretion has not been abused, the ruling of the court in this regard will not be disturbed.

3. And if it appears to the court that the plaintiff has failed to make out his case, and a verdict is directed against him at the stage of the case indicated in the preceding headnote, the plaintiff not moving to be allowed to dismiss his petition or to take a nonsuit, this court will allow the verdict to stand.

Submitted March 3,—Decided May 24, 1906.

Rehearing denied July 5, 1906.

Action on bond. Before Judge Pendleton. Fulton superior court. April 14, 1905.

*Etheridge, Boykin & Etheridge,* for plaintiff.

BECK, J. This is an action against a constable and the sureties on his official bond. The eighth paragraph of the plaintiff's peti-

tion (the allegations of which are admitted to be true by the defendants in their answer) is as follows: "That M. F. Barnes, L. C., one of the defendants herein, is an officer of the N. P. ex-off. J. P. Court, 1026 district, G. M., Fulton County, Ga., and is under bond, and his bondsmen are W. M. Spratlin, J. B. Seawright, and W. J. Hogan, who are defendants also in this action." Some time after the defendants' answers were filed, the plaintiff amended paragraph eight of her petition by alleging: "That said Barnes has violated the terms of his said bond in committing the trespass alleged in the illegal sale of petitioner's property, and that said sale of petitioner's property is a breach of said bond, in that said Barnes, L. C., did not and has not faithfully performed his duty as an officer of the N. P. & ex-off. J. P. Court, 1026 dist., G. M., Fulton Co., Ga. Petitioner hereto attaches a copy of said bond, to which the usual leave of reference is prayed, said exhibit marked 'A'." To this amendment the defendants filed no answer. When the case came on for trial, after the evidence was all in and one argument for plaintiff had been delivered, the hour for adjournment arrived, and the case was continued until the next day. When the trial was resumed the following morning, the court asked if the officer's official bond had been tendered in evidence, and upon it appearing that the document had not been introduced before the jury, the court, on motion of defendants' counsel, directed a verdict for the defendants. Before the jury had entered up the verdict directed, counsel for the plaintiff asked leave to send to an adjoining building and secure a copy of the bond, and then introduce it in evidence, and in fact did send for the bond, which was brought into court just as the jury signed up the verdict, but the court refused to allow its introduction, and entered up judgment against the plaintiff; to all of which the plaintiff excepted, also assigning error upon the court's directing a verdict instead of ordering a nonsuit. The plaintiff further excepted to the refusal of the court to permit the case to proceed as against the constable individually, for damages occasioned by the alleged trespass; but as this assignment of error is not referred to in the brief of counsel for the plaintiff in error, it will be treated as having been abandoned. There were other assignments of error, but it is not now necessary to consider them.

There can be no doubt that the plaintiff was not entitled to recover, in the absence of the introduction in evidence of the bond

sued upon.  The original petition did not allege a breach of the bond, nor even in the most general terms establish the character of its conditions.  The admission by the defendants of the truth of such allegations, therefore, did not dispense with the necessity of proof of the instrument which is the basis of this action.  It is true that the defect in the pleadings in this regard was cured by the amendment setting forth a copy of the bond, but the amendment was offered after the defendants had answered, and neither the admission in the original answer nor the failure to answer the amendment can operate as a waiver by the defendants of strict proof of each material fact alleged in the amendment proffered after the answer had been filed, nor otherwise relieve the plaintiff of supporting such allegations by evidence.  *Hudson* v. *Hudson,* 119 *Ga.* 637. Hence, the failure of the plaintiff to make out her case being patent, her action could not stand, and the question which now arises for our determination is as to whether or not the court made a legal disposition of the case; for the failure and refusal of the court to allow the introduction of the bond at that stage of the proceedings was certainly not so flagrant an abuse of discretion as to require a reversal.  Did the court, then, err in directing a verdict and entering a final judgment against the plaintiff instead of nonsuiting her case?  Under the facts of the case, in the light of previous adjudications of this court, we hold that it did not.  While the plaintiff below probably would have been entitled to a nonsuit upon making a motion therefor, or could have voluntarily dismissed her case without prejudice, she made no motion to that effect, but submitted to the direction of a verdict against her; and, having allowed the verdict to be thus taken against her without moving to dismiss her case or to be permitted to take a nonsuit, she can not now be heard to complain of the method in which her suit was disposed of. *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538 (2).  See also *Grand Rapids Furniture Co.* v. *Morel,* 110 *Ga.* 321(2).

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*