### 4314.  DOBBS *v.* MIXON.

POTTLE, J.  While, as a general rule, where one is sued as a member of an alleged copartnership, a plea merely denying individual liability, but not denying the partnership or alleging non-liability on its part, should be stricken on motion (*Waterman* v. *Glisson,* 115 *Ga.* 773, 42 S. E. 95), yet, where a suit on an open account is brought in a justice's court against two persons doing business under a name importing a copartnership, but there is no distinct averment that the defendants were partners when the alleged liability arose, and one of the defendants files a general denial of indebtedness, which is not objected to, and evidence is admitted, without objection, that this defendant was not a member of the firm when the account sued on was made and did not authorize the purchase of the goods, and that the plaintiff had knowl-

·· edge of this fact, the discretion of the judge of the superior court, in setting aside on certiorari a verdict against the contesting defendant, will not be disturbed, since, if objection had been made either to the plea or to the evidence of no partnership, the defendant could have amended by filing a formal plea of no partnership at the trial term. *Solomon* v. *Creech*, 82 *Ga.* 445 (9 S. E. 165). *Judgment affirmed.*

DECIDED NOVEMBER 12, 1912.

Certiorari; from Fulton superior court—Judge Pendleton. June 18, 1912.

*R. H. Kimball*, for plaintiff in error. *W. F. Phillips*, contra.