### 8251.    NATIONAL PENCIL COMPANY *v.* PINKERTON'S NATIONAL DETECTIVE AGENCY.

1. Where partners sue in their firm name, the partnership need not be proved, unless denied in a verified plea. This was true where the original petition alleged that the plaintiff was a corporation, and the partnership was alleged in an amendment to the petition.
2. It was not error for the court to repel as evidence in this case "certain portions of the argument made by the solicitor-general of the Atlanta circuit on August 23 and 25, 1913, at the trial of Leo M. Frank for murder in Fulton superior court." The rejected matter was so clearly inadmissible that no discussion is necessary to show that the ground

of the motion for a new trial based upon its rejection is absolutely without merit.

3. The court did not err in excluding the testimony of the witness Pierce, or in refusing to allow him to answer a certain question propounded to him, the excluded testimony being a conclusion of the witness, and being argumentative in its nature, and irrelevant to the issues in the case.

4. It was not error, in the absence of a timely written request, for the court to fail to charge that "it was the duty of the plaintiff in conducting this investigation into the murder of Mary Phagan to act honestly and in good faith, and to deal honestly and in good faith with the defendant." The court did instruct the jury as follows: "If you should find that this contract existed, and to the extent that it existed that the plaintiffs entered into this work, then the plaintiffs were bound to exercise reasonable diligence in the performance of the work." Section 3581 of the Civil Code declares that "an agent for hire is bound to exercise, about the business of his principal, that ordinary care, skill, and diligence required of a bailee for hire." The court substantially charged in the language of this statute, and under the facts of the case this was sufficient. It is of course implied in every contract that both parties thereto should "act honestly and in good faith," and it is not necessary for the court to charge such an elementary principle of law, unless particularly requested to do so.

DECIDED FEBRUARY 16, 1917.

Complaint; from Fulton superior court—Judge Ellis. February 4, 1916.

*H. A. Alexander,* for plaintiff in error.

*Robert C. & Philip H. Alston,* contra.

BROYLES, P. J. The Pinkerton's National Detective Agency brought suit against the National Pencil Company to recover the value of alleged services rendered under a contract entered into between them. In the original petition the plaintiff was alleged to be a corporation, and this allegation was admitted in the defendant's answer. At the trial term the plaintiff amended its declaration and alleged that it was a partnership. This amendment was allowed by the court, with the consent of the defendant, and the latter made no answer to it. The case was tried and resulted in a verdict for the plaintiff for the full amount sued for.

Counsel for the plaintiff in error strongly insists, before this court, that the verdict is not supported by the evidence, because there was no proof introduced to sustain the allegation of partnership, made in the amendment to the plaintiff's petition. There were various letter-heads and bill-heads of the plaintiff which were put in evidence, and also attached to the original petition, upon which appear the following words: "Pinkerton's National

Detective Agency; William A. Pinkerton, Chicago, Allen Pinkerton, New York, principals." Under the ruling in *American Cotton College* v. *Atlanta Newspaper Union*, 138 *Ga.* 147 (74 S. E. 1084), these letter-heads might possibly be considered as some evidence of the partnership. Conceding, however, that this evidence was insufficient to show the fact of partnership, we do not think that a reversal of the judgment must result. Section 3166 of the Civil Code provides that "partners suing or being sued in their firm name, the partnership need not be proved unless denied by the defendant, upon oath, on plea in abatement filed." Counsel for the plaintiff in error contends, however, that this section of the code applies only to a case where the partnership was alleged in the original petition, and he insists that the very language of the section designating the plea of "no partnership" as a "plea in abatement" shows that it was so intended. It is true that ordinarily a plea in abatement must be filed at the first term, but in *Long* v. *McDonald*, 39 *Ga.* 186, it was held that an answer denying the existence of a partnership was a plea in bar, and, although sworn to, was not a dilatory plea, which is required to be filed at the first term. This ruling was expressly approved in *Solomon* v. *Creech*, 82 *Ga.* 445 (9 S. E. 165). See also *Crockett* v. *Garrard*, 4 *Ga. App.* 360 (61 S. E. 552); *Dobbs* v. *Mixon*, 11 *Ga. App.* 789 (76 S. E. 166). Under these decisions it would seem that the defendant had a right to file his plea of no partnership at the trial term, especially since the fact of partnership had not been alleged by the plaintiff until that term. It is true that in *Crockett* v. *Garrard*, supra, Judge Powell criticizes the decisions in the *Long* and *Solomon* cases, doubting the applicability of the provisions of section 3166, supra, to the particular facts of those cases, but he distinctly says: "The criticism we are now about to make is not that the actual principle applied in these cases is incorrect." In our judgment, the instant case comes within the rulings of the Supreme Court in the *Long* and *Solomon* cases, supra. It follows that if the defendant had a right to file his plea of "no partnership" at the trial term, and he failed to do so, he will not be permitted thereafter to complain that the fact of the plaintiff's partnership was not shown by the proof.

We are aware that the Supreme Court, in several decisions, has held that the provisions of section 5539 of the Civil Code, requir-

ing a defendant to admit, deny, or explain why he does not admit or deny each paragraph, under penalty of having the allegations in the petition treated as prima facie true, relate to the answer to the original petition only, and not to the answer to an amendment to the petition, and that the failure of a defendant to answer an amendment does not authorize the court or the jury to treat the allegations in the amendment as being admitted. *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874) ; *Watson* v. *Barnes,* 125 *Ga.* 733 (54 S. E. 723) ; *Brown* v. *Atlanta &c. Ry. Co.,* 131 *Ga.* 259 (62 S. E. 186) ; *Brown* v. *Tomberlin,* 137 *Ga.* 596 (73 S. E. 947). Not one of these cases, however, involves the question now under discussion, and the Supreme Court stated merely the *general rule* as to a failure to answer an amendment to a petition. In a case like the instant one we think that the provisions of sections 3166 and 5539 of the Civil Code should be construed together, and that it should be held that a failure to deny the plaintiff's allegation of partnership, although made in an amendment to the petition, amounts to an admission of its truth. To hold otherwise would in our judgment be contrary to the provisions of section 3166 of the Civil Code. That section is derived from the act of 1841 (Cobb's Digest, 590), and the preamble to that act plainly shows that it was the intention of the legislature in passing it to abolish the harsh technical rule that theretofore had been forcing the courts of this State to hold that partners suing as plaintiffs could not recover unless upon the trial they adduced proof of their partnership, even where the fact of partnership was not denied. The spirit of this legislation would be largely destroyed, and in many cases the intent of the legislature would be absolutely defeated, if it were now held that partners suing as plaintiffs, who in their original petition inadvertently characterized their firm as a corporation, but who by amendment corrected this misnomer and alleged their partnership (such amendment being consented to by the defendant, and the allegation of partnership therein made not being denied by it), could not recover unless they adduced proof of their partnership. We are therefore clearly of the opinion that in such a case it should be held that the general rule, that the failure of a defendant to answer an amendment to a petition can not be treated as an admission of the truth of the allegations made therein, does not apply to an amendment by plaintiff partners al-

leging the existence of their partnership. In other words, it is evident that such an amendment is an exception to the general rule just stated, and that in a case like the one at bar, the failure of the defendant to deny the existence of the partnership amounts to an admission of the same. This ruling is in line with those of other judicatories. "Matter added by way of amendment, to which the defendant makes no opposition, must be deemed to be admitted where the adverse party omits to move to amend his answer so as to deny it." 1 Standard Enc. Proc. 930 (E); McCloskey v. Goldman, 62 Misc. 452 (115 N. Y. Supp. 189). However, if this holding be an extension of the rule hitherto of force in this State, we think it a legitimate and just one, and one necessary under the exigencies of the case. Under the facts of the instant case it could not possibly make any difference to the defendant whether the plaintiff was a partnership or a corporation. This was not even a collateral issue in the case, and has not the slightest bearing upon its merits, there being no contention or intimation that as a matter of fact the plaintiff was not a legal partnership with the right to sue and to be sued. The cause was fairly tried; the verdict is amply supported by the evidence; no error of law appears, and we see no reason why the judgment of the lower court should be reversed.

*Judgment affirmed. Jenkins and Bloodworth, JJ.; concur.*