### 17087.   COPELAND *v.* SOUTHERN RAILWAY COMPANY.

The action being against a railway company on an open account for medical services and medicine furnished to an employee of the company, and being based on the theory that the company was obligated to pay for the same because of the words and conduct of its claim agent, and there being no evidence that the claim agent had authority to bind the company to pay for the same, the court did not err in directing a verdict for the defendant.

There is no merit in the contention that the judge "erred in directing, a verdict for the defendant upon motion of defendant's counsel without announcing his intention so to do, thus not giving plaintiff an opportunity to take a grant of a nonsuit or to dismiss his case."

No material error appears in other rulings.

           DECIDED APRIL 14, 1926.

Complaint; from Butts superior court—Judge Persons.   December 5, 1925.

*Joel B. Mallet,* for plaintiff.

*Harris, Harris & Popper, C. L. Redman,* for defendant.

LUKE, J.   H. W. Copeland sued the Southern Railway Company on open account for professional services rendered and medicines furnished Thomas McMichael, an employee of that company. Both sides introduced evidence, there was no argument, and the

----

Railroads, 33 Cyc. p. 68, n. 12.
Trial, 38 Cyc. p. 1579, n. 46.

court directed a verdict for the defendant. The theory of the plaintiff's case was that the defendant was obligated to pay the doctor's bill by the words and conduct of its claim agent. Neither the evidence for the plaintiff, nor the evidence for the defendant, nor both together, showed that the claim agent had authority to bind the defendant to pay the bill in question; and it was inevitable that plaintiff could not recover.

In ground 2 of the amendment to the motion for a new trial the plaintiff complained that "the court erred in directing a verdict for defendant, upon motion of defendant's counsel, without announcing his intention so to do, thus not giving plaintiff an opportunity to take a grant of a nonsuit or dismiss his case," and that "if plaintiff had failed to make out his case as laid, or if there had been a variance between the pleadings and the proof, the case should have terminated by a nonsuit." This ground is hypothetical, and the real gist of it,—that the plaintiff was not given an opportunity to apply for a nonsuit or a dismissal,—is a non sequitur from the facts stated in that ground. Indeed, in ground 1 the defendant states that "the verdict was directed over the objection of plaintiff and against his demand," and that "movant then and there objected to the direction of said verdict, and urged that a verdict for the defendant was not demanded under the pleadings and the evidence." Furthermore, it would appear from the decision in *Grand Rapids Furniture Co.* v. *Morel*, 110 *Ga.* 321 (2) (35 S. E. 312), that the direction of a verdict was not improper in this case. The *Morel* case is cited as authority to sustain the decision in *Watson* v. *Barnes*, 125 *Ga.* 733 (54 S. E. 723, 8 L. R. A. (N. S.) 467, 115 Am. St. R. 120), where it is stated that plaintiff "probably" would have been entitled to a nonsuit or a dismissal if she had made a motion to that effect. Clearly there is no merit in ground 2.

Grounds 3, 4, and 5 of the amendment to the motion for a new trial, complaining of the court's rulings upon the admission or rejection of evidence, are not meritorious. The judgment directing a verdict for the defendant is not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., not participating, on account of illness.*