24231. Perkins *v.* Butler.

Jenkins, P. J. 1. The petition as amended, suing two named individuals, "trading as" a stated "company," for an agreed amount of wages, set forth a good cause of action, and sufficiently stated the times, amounts, and nature of the indebtedness, as against the general and special demurrers, including the ground that the alleged trade name was in fact "non-existent."

2. The amendment of the prayer for recovery, to ask $362.50 instead of $358, did not constitute a seeking for the "enforcement of inconsistent rights," as contended, and was proper. *Hines* v. *Duncan*, 25 *Ga. App.* 712 (104 S. E. 519).

3. In what is denominated a "plea in abatement" one of the individual defendants asked that the suit be abated "for the reason that the [trade name stated in the petition] is not owned and/or operated by [the two named defendants], trading as [such] company, and this being true, the wrong party has been sued in this case." This defendant also filed an

additional plea, that he was "the sole owner and operator of" the "company" or trade name alleged, that "he is the one and only party trading as" such, and that he was "not indebted either individually or trading as [such company] or in any other way or manner to the plaintiff." Both defendants also filed a joint answer denying that they were "trading as" such company. The jury found· a verdict for $360 in favor of the plaintiff against the individual defendant who filed the special pleas. This defendant excepts to the failure of the court to pass upon the plea designated as a "plea in abatement," because, under the Civil Code (1910), § 5630, it should have been disposed of before the other pleas or answer. This exception is without merit. The so-called "plea in abatement" was in effect a plea in bar. See *Solomon* v. *Creech*, 82 *Ga.* 445, 446 (9 S. E. 165); *Long* v. *McDonald*, 39 *Ga.* 186; *Dobbs* v. *Mixon*, 11 *Ga. App.* 789 (76 S. E. 166). Moreover, all of the substance of this plea was set forth in the additional plea and the answer, which were necessarily passed upon by the jury.

4. The evidence, although conflicting, fully authorized the verdict rendered against the individual defendant who filed the special pleas, both as to the making of the contract for wages and the amount of the recovery.

5. In a special ground of his motion for a new trial, this defendant contends that "the verdict is contrary to law in that the finding by the jury against [him] constituted a finding that no partnership existed. By virtue of this verdict the special plea filed by [him] in bar to the suit, on the ground that the suit was a nullity, because no partnership existed, was sustained and the plaintiff's action should have been dismissed. By virtue of the finding of the jury that no partnership existed, there could be no verdict against the said named defendant. The jury having found a verdict against the named defendant, this was contrary to law." The court did not err in denying a new trial on this ground. The petition being amendable by striking out the name of the defendant against whom no recovery was had (Civil Code of 1910, § 5688), if such an amendment had been necessary, the verdict and judgment against the excepting defendant were not void. He does not specifically except to the verdict as not conforming to the pleading in the petition. But even if the ground could be taken as in effect making such an exception, it is without merit, under the ruling in *Zaban* v. *Coleman*, 27 *Ga. App.* 376 (108 S. E. 555), that "a suit against named parties, where it is alleged in the petition that the defendants did business under a certain style and name importing a partnership, is not necessarily a suit against the partnership alone, but is also a suit against the named individuals jointly and severally, and where the evidence sustains a verdict against one of the defendants only, the verdict will not be set aside at the instance of that defendant upon the ground that the evidence fails to support the plaintiff's petition."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided February 2, 1935.

*Samuel Geffen, Harwell & Barrett,* for plaintiff in error.
*Harley R. Lee,* contra.