## 24886. LOFTIS *v.* ALLEN PLUMBING COMPANY *et al.*

DECIDED MARCH 19, 1936.

*Noah J. Stone,* for plaintiff.
*George & John L. Westmoreland,* for defendants.

MacINTYRE, J. In his petition as amended W. S. Loftis avers that Allen Plumbing Company and thirty-nine other defendants (some of them being designated as individuals, some by names importing partnerships, and many by names importing corporations) are defendants "individually and as members of an unin-

corporated association known as the Master Plumbers, Piping & Heating Contractors Association of Atlanta, and that they are within the jurisdiction of this court. "Said defendants are jointly and severally indebted to your petitioner in the sum of . . $1500, plus interest at seven per cent., . . as rent upon the premises known as 402-3-4 Southeastern Trust Building, Atlanta, Georgia. Said premises being actually occupied by the Master Plumbers, Piping & Heating Contractors Association, the same being an unincorporated association of which the defendants herein are members, for the months from July 1, 1930, up to and including September 1, 1931, inclusive, at the rate of . . $100 per month, this being the rate of rent paid by said defendants and/or their association prior to the time of their failure to pay said rent. That the defendants, as members of said association, occupied said premises during the time set out herein and failed to pay the rent thereon. . . That said sum is just, true, due, and unpaid." Process is prayed against "said defendants, requiring them to be and appear," etc. On July 27, 1934, the following answer was filed:

"Now come Wm. A. Manning & Son, defendants in the above entitled case, and file this their answer to the petition of file, and for answer say: 1. These defendants deny the allegations contained in paragraph one, two, and three of said petition. 2. For further answer these defendants say that they nor either of them were members of said association at the times stated in said petition; and that they are not indebted to the plaintiff either individually or as members of any association, in any amount whatever." Twenty-five of the other defendants named in the petition answered as follows: "1. These defendants deny paragraph one as alleged. 2. These defendants deny the allegations contained in paragraphs two and three, and require strict proof thereof. 3. For further answer, these defendants say that they are not indebted to the plaintiff in the amount sued for, nor in any amount whatever, and that on September 30, 1932, the plaintiff was paid all balance due him by the Master Plumbers, Piping & Heating Contractors Association, of Atlanta, by paying to Huitt-Williams Company, the agent of the plaintiff, one hundred dollars, which was the balance due at that time."

After hearing the evidence Hon. L. Z. Rosser rendered a judgment "in favor of the defendants." W. S. Loftis filed his motion for new trial, based on general and special grounds. The court overruled the motion as amended, and the plaintiff excepted. We quote from the fourth ground of the motion, as follows: "Movant contends that the court erred in permitting the plaintiff to answer the questions propounded by counsel for defendants to . . W. S. Loftis, as follows: Q. Mr. Loftis, as a member of that, whatever association it was that you were a member of, you were due to pay to the association certain fees and charges, weren't you? A. Yes, sir. Q. For estimating work, etc.? A. Correct. Mr. Stone: I move to exclude that question and answer; it is irrelevant, immaterial, and inadmissible, as no pleading filed to authorize it in issue. Mr. Westmoreland: He is suing these people as individuals and members of an association, and says they owe rent. I filed a denial of that, and say they do not owe it. If I can show any reason they do not owe it, I think I am authorized to do so under the pleadings. By way of further answer, I say a certain date they paid $100, which was at that time the balance which was due. I want to show, if I can, that any claim that he had was offset by a charge against him. I am going into the item of $1305 that the agent for whoever owned the building, for whoever was paying the rent gave credit for it. The court: I think it is all right. Go ahead. Mr. Stone: That would call for special pleading in a case involving over $300 in this court. There is no pleading authorizing any such evidence. The court: I think it is all right."

We are satisfied that the very meager plea in paragraph 3 of the answer of the majority of the defendants, that "on September 30, 1932, the plaintiff was paid all balance due him by the Master Plumbers, Piping & Heating Contractors Association of Atlanta, by paying to Huitt-Williams Company, the agent of the plaintiff, one hundred dollars, which was the balance due at that time," did not warrant the defendants in going into the matter of the alleged credit of $1305. Indeed, we find no pleading in the case to warrant it. We therefore hold that the court erred in overruling ground 4 of the motion for new trial.

It is substantially averred in ground 5, that, over the plaintiff's objection, the court "required the plaintiff to assume the burden

of proof both as to whether these parties were or were not members of the association, and as to the correctness of the claim sued upon." While an unincorporated association is not necessarily a partnership, yet we think it is true that in Georgia certain rules of pleading applicable to partnerships are applicable to such associations. For instance, if in .the case at bar it were desired to plead that there was no such association as the one referred to in the petition, we think it would be necessary to file a plea corresponding to the ordinary plea of nonpartnership; and that if an alleged member desired to plead that he or it was not a member of the association and owned nothing as a member, a special plea to that effect would be necessary. The status of unincorporated associations appears from the following decisions: *Wilkins* v. *Wardens, etc.,* 52 *Ga.* 351; *Jones* v. *Watson,* 63 *Ga.* 679; *Thurmond* v. *Cedar Spring Baptist Church,* 110 *Ga.* 816 (36 S. E. 221); *McLendon* v. *Simmons,* 40 *Ga. App.* 27, 29 (148 S. E. 626); *Grand Chapter Order Eastern Star* v. *Wolfe,* 172 *Ga.* 346, 350 (157 S. E. 301). The Code of 1933, § 75-313, declares: "When partners sue or are sued in their firm name, the partnership need not be proved unless denied by the defendants, or one of them, upon oath, on plea in abatement filed." As to pleas in cases where partnerships are involved, see: *Long* v. *McDonald,* 39 *Ga.* 186 (3); *Solomon* v. *Creech,* 82 *Ga.* 445 (9 S. E. 165); *Crockett* v. *Garrard,* 4 *Ga. App.* 360, 364 (61 S. E. 552); *Tennessee Chemical Co.* v. *Ricks,* 31 *Ga. App.* 37 (119 S. E. 443); *Dobbs* v. *Mixon,* 11 *Ga. App.* 789 (76 S. E. 166); *Taylor* v. *Swift,* 37 *Ga. App.* 108 (139 S. E. 121); *Perkins* v. *Butler,* 50 *Ga. App.* 589 (3) (178 S. E. 459). It appears that, since the case at bar involves more than $300, the rules of pleading applicable to superior courts apply in this case. Ga. L. 1933, pp. 290, 297. Error is assigned, not because the court placed the burden on the plaintiff of proving that the alleged association existed, but because it ruled that the burden was on the plaintiff to prove that the alleged members of the association were members as alleged. The mere general denial, in the answer of the majority of the defendants, of the allegations in the paragraphs of the petition does not suffice for a special plea denying that the defendants were members of the association. We therefore hold that the plea and answer under consideration did not place upon the plaintiff the burden of proving that the defendants

847

were members of the association. It will be observed that Wm. A. Manning & Son, in their own behalf, not only deny categorically the paragraphs of the petition, but that they further plead that "they, nor either of them, were members of said association at the times stated in said petition, and that they are not indebted to the plaintiff either individually or as members of any association, in any amount." It appears that this plea placed the burden on the plaintiff of proving both the debt and the association, in order to bind that particular defendant. See *American Cotton College* v. *Atlanta Newspaper Union*, 138 *Ga.* 147 (3) (74 S. E. 1084). However, since the plea of Wm. A. Manning & Son was filed in behalf of that particular defendant alone, we do not think it can be considered a plea in behalf of those defendants who answered separately and differently. We hold that the court committed error in holding that the burden was on the plaintiff to prove that the defendants, other than Wm. A. Manning & Son, were members of the alleged unincorporated association. The importance of the burden of proof as to that question is especially apparent in a case where so many defendants are alleged to have been members of the association. Under the pleadings in this case, we do not think that the court erred in holding that the burden rested on the plaintiff to prove "the correctness of the claim sued upon."

Having reversed the judgment on the general grounds of the motion-for new trial, the special grounds are not for consideration at this time.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*