26719. LOFTIS *v.* ALLEN PLUMBING COMPANY *et al.*

DECIDED APRIL 26, 1938.

*Noah J. Stone, John L. Cone,* for plaintiff.

*George & John L. Westmoreland,* for defendants.

GUERRY, J. This is the second appearance of this case in this court. For a statement of facts see *Loftis* v. *Allen Plumbing Co.,* 52 *Ga. App.* 843 (184 S. E. 920). The suit was brought against about thirty defendants named as an association, and it was alleged that they were jointly and severally liable for the rent of a building for a specified time. One of these defendants, Manning & Son, filed a plea denying that it was a member of any such association, and denying liability for any sum. The remaining defendants did not file such a plea, but in effect filed a plea of payment. After the case was returned from this court the defendants other than Manning & Son amended their plea of payment by a further allegation in respect to the means, manner, and time which said alleged payment of the plaintiff's claim was made. This amended plea alleged in effect that at the time the plaintiff insisted the defendants were indebted to him as alleged, the plaintiff was indebted to the association in the sum of $1305, by reason of services performed by such association for the plaintiff's benefit; and that the plaintiff acknowledged such indebtedness and instructed the secretary of such association to charge this item of $1305 to the plaintiff and to credit the rent account owing by themselves to the plaintiff with this sum, which was done. They pleaded further that they paid the plaintiff $200 in cash, which sum was accepted in full of the entire amount due and claimed to be due, and that there was therefore an accord and satisfaction of the indebtedness sued for.

Among other reasons, this plea was demurred to because no itemized statement of the $1305 item was set out and attached thereto. We may state that this was not a plea of set-off, but was in effect a plea of accord and satisfaction. If, as alleged, the plaintiff admitted the correctness of the defendant's claim against him, and agreed to allow the same to be credited on his claim for rent due to him by the defendants, and thereupon accepted the balance of the claim in cash, this was an extinguishment of both of said mutual claims. Such a plea differs from a plea of set-off in that in a plea of set-off the justness and correctness of the

counter-claim must be established, and it would be proper in such a plea to itemize the claim, if it were on account. A balancing and liquidation of mutual accounts by agreement of parties will amount to an accord and satisfaction where such agreement has been executed. The amended plea was not subject to any of the demurrers urged.

■ In the motion for new trial complaint is made that the court overruled the plaintiff's motion to place the burden of proof on the defendants. It will be noted that there were separate pleas filed by different defendants. This court held in the former decision in this case that the burden of proof as to Manning & Son was on the plaintiff. No amendment was tendered by Manning & Son when the case was returned to the court below, and the burden as to such defendant was still on the plaintiff. It is true that the burden as to the other defendants, who had filed affirmative defenses, was on them to establish such defenses. The motion by counsel for the plaintiff did not point out this distinction, although the court called his attention to the fact that Manning & Son had filed no amendment. The motion was as to all the defendants, and the court did not therefore err in overruling the motion as made. The case was tried by the judge without the intervention of a jury, and it will be presumed that the court in considering the evidence and the pleadings applied to them the proper rules of law. We may state that the evidence for the plaintiff failed to carry the burden as against the plea filed by Manning & Son, and that a verdict was demanded in Manning & Son's favor. The evidence as to the plea of payment of the other defendants was conflicting, and although as to such defendants who had pleaded payment the burden of proof was upon them, we can not say that the evidence did not support the finding made in their favor. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*