DAVID HOLMAN, plaintiff in error, vs. CARHART, BROS. & Co., defendants in error.

[1.] A plea by one of two persons sued as partners, that he did not sign the note sued on, or authorize any other person to sign it for him, and that he was not one of the partners, when the debt was contracted, is not a plea in abatement, but a plea in bar.

[2.] *Collier vs. Cross*, 20 *Ga. R.* 1, remarked on.

Complaint, from Randolph county. Tried before Judge KIDDOO, May Term, 1858.

Carhart, Bro's & Co., sued John W. Shropshire, David Holman and Christopher Holman, as partners, doing business as "Shropshire & Holman," on a note and account against said firm.

At the trial Term, David Holman filed his plea denying that he was a member of said firm at the time the debt sued on was contracted, and that he was not liable therefor, and moved to continue the cause as to himself, for the absence of Christopher Holman, against whom the suit was not progressing, he not being served, by whom he expected to support his plea, and made the usual oath for a continuance.

The Court overruled said motion, on the ground that the plea filed was in abatement and must be filed at the first Term, and the witness could not be permitted if present, to testify in support of the plea.

To which counsel for Holman, excepted.

On motion of plaintiff, the plea of defendant, Holman, was then stricken, and defendant by his counsel excepted and assigns error.

GEO. L. BARRY, for plaintiff in error.

HOOD & ROBINSON, for defendants in error.

*By the Court.*—BENNING J. delivering the opinion.

The plea of David Holman was, that he did not "sign" the note, or authorize any one to sign it for him, and that he was not a partner in the firm of Shropshire & Holman at the time when the debt was contracted and the note given.

[1.] Surely this is not a mere plea in *abatement*. It must be a plea in bar. The word "sign" is used in place of the more usual and more comprehensive word, make; but that, if a defect, is amendable; at all events, is not a thing to make the plea, a plea in abatement. It is a plea intended " to deny" the "note" sued on. A plea denying the note sued on, is a plea in bar.

[2.] In *Collier vs. Cross*, this Court held, (Judge LUMPKIN not presiding,) that a somewhat similar plea was not good; but did not hold that it was a plea in abatement. And that decision I now think wrong, unless there were some facts not reported, to support it, I must think, however, that there were some such facts, although, I cannot remember any. I must think, that the plea lacked being sworn to, or that there was some other special ground of objection to it. See *Straus vs. Barry & Co.*, decided at this Term.

If the plea in the present case was a plea in bar, it is clear, that the motion for a continuance ought to have been granted; and it is equally clear, that if the plea was defective, it was amendable, and ought not to have been struck out, provided an offer to amend it was made.

Judgment reversed and a new trial ordered.