STRANGE, administrator, *vs.* BARROW *et al.*, executors.

1. The execution of a paper which is the foundation of the action, need not be proven to authorize its admission in evidence, in the absence of a plea of *non est factum*.
2. To authorize the establishment of a copy of an amendment to the declaration alleged to have been filed at a previous term, neither an entry upon the bench docket nor an order upon the minutes is absolutely necessary. There is no necessity for any action of the judge on an amendment except where the rights of the opposite party are to be affected by the negligence of the amending party. Hence, evidence other than that upon the records of the court may be considered by the judge upon the proposition to establish a copy.

Contracts. *Non est factum.* Lost papers. Evidence. Before E. M. BUTT, Esq., Judge *pro hac vice.* Schley Superior Court. October Term, 1878.

Reported in the opinion.

W. A. HAWKINS; COOK & HOLLIS, for plaintiffs in error.

GUERRY & SON; B. B. HINTON; W. J. WALL, for defendants.

CRAWFORD, Justice.

The plaintiffs in error brought their action of complaint against the defendants to recover upon the following contract:

"STATE OF GEORGIA—Schley County.

"Agreement made and entered into this day—Shadrich Wall of one part and Shadrich Drew of the other part, both of said county and state—S. Wall hath this day paid the said S. Drew one thousand dollars, for which he is to live on the Collum place during my life-time, be it long or short; and he is to attend faithfully to all my plantation business, and all ordinary business, such as weighing out, paying, col-

lecting; and he is not to remove from the said Collum place during my life-time.

"Hereunto we have set our hands and affixed our seals.

his<br>SHADRICH ⋈ WALL.  (Seal).<br>mark.<br>SHADRICH W. DREW.  (Seal.)

"Witness: J. S. BURKE.

"The condition of the above obligation is such that if either should fail to comply with the above obligation it is to be null and void or remain in full force and virtue."

After reading the declaration to the jury, plaintiffs offered in evidence the foregoing contract, to which objection was made unless the execution was proven by the subscribing witness, the court sustained the objection. The plaintiffs then offered to establish an amendment which they claimed had been lost since the preceding term, when the same had been made and allowed by the court. Testimony was admitted showing that the amendment was allowed by the judge presiding at that time; that the clerk saw the attorney writing it out, and read a few lines of it, but does not remember whether the judge signed the order granting the same. No entry appeared on the bench docket, nor order on the minutes allowing the amendment. The court refused to allow the amendment, and, upon motion of defendants' counsel, awarded a non-suit.

The two errors complained of are the rejection of the contract and the refusal to allow the amendment established.

1. It is true that the general rule of law is, that where there is a subscribing witness to a paper he must be produced and prove the execution before it is admissible; but in cases where *it is the foundation of the action,* then the rule changes and the subscribing witness is not necessary unless the same is denied under oath. This contract was declared on, it was the foundation of the plaintiffs' suit, and not being denied on oath of the defendant there

was error in the court in not allowing it to be introduced in evidence.

2. The plaintiffs endeavored to establish a lost amendment, which was refused for the want of an entry upon the bench docket, or an order on the minutes granting the same. Amendments are to be allowed as a matter of right at any stage of the cause, in form or substance, and independently of any action of the judge as to its exercise, except in cases of negligence, when reasonable and equitable terms may be enforced. This was not a motion to amend at that time, but to establish one which was lost. We are not authorized to say what shall or shall not be sufficient evidence to satisfy the judge that an office paper existed and has been lost, but we do not think, under the broad and liberal rule upon that subject, that either an entry upon the bench docket or an order on the minutes are the only methods of showing that an amendment existed and was filed.

Our construction of the law is, that there is no necessity for any action of the judge, except where the rights of the opposite party are to be affected by the negligence of the amending party. Hence, an amendment may be filed at the first term, and a copy served without leave from the judge, and no question of terms arises, and so after a case has been continued. But if offered at the trial term, or at any time when the question of negligence affects the rights of the opposite party, the judge may impose terms.

Holding, therefore, the rulings to be wrong, the judgment must be reversed.