BARWICK v. KEA & COMPANY.

The action being upon a promissory note of a partnership, and no
    question being raised by plea or evidence as to the authority of
    the active partner to execute the note or make any other contract
    involved in the controversy, it was error to instruct the jury that
    lack of authority might be shown under the plea of the general
    issue.
    June 2, 1890.

Pleadings.  Partnership.  Contracts.  Charge of
court.  Before Judge ROBERTS.  Laurens superior court.
January term, 1889.

Reported in the decision.

A. F. DALEY and FELDER & SANDERS, by HARRISON &
PEEPLES, for plaintiff.

No appearance for defendants

BLECKLEY, Chief Justice.

The action being upon a promissory note, a partner-
ship contract, signed "Wesley Kea & Co. pr. W. K.,"
the court charged the jury "that under the plea of gen-
eral issue, defendants could show that said Wesley Kea
had no authority to make said contract."  The contract
referred to in this instruction must be the note itself or
the contract which furnished the consideration for the
note.  The evidence shows without any conflict that all
the members of the firm were present when the note
was executed, and there is no suggestion anywhere in
the evidence that any of them were not fully cognizant
of the consideration for which the note was given.  Un-
less something to the contrary appeared, it should be
taken that all the partners, as all were present, assented
to any contract or contracts involved in the transaction.
Nothing to the contrary is signified by any plea or by
any part of the evidence.  None of the evidence raises
any question whatever upon the authority of Wesley
Kea to make a contract or to do any other act in behalf

of the firm. It is manifest, therefore, that the charge just recited was based upon an hypothetical case, and not on the real case which the jury had to try. And it may have done harm; for, taking all the evidence together as it comes to us, we are strongly inclined to the opinion that the verdict, tested by the facts and the law applicable to them, was incorrect. We need not say positively that it was so, because this erroneous instruction, in a doubtful case, would be cause for a new trial; and we direct a new trial accordingly.

*Judgment reversed.*