The Lowe Brothers Cracker Co. *v.* Ginn.

Where a person is sued in a justice's court upon an acceptance made, not in his own name, but in the name of another, the summons having a copy of the acceptance annexed and being addressed to him in his own name, "doing business under the name and style of" the acceptor, the acceptance is admissible in evidence without

proof of its execution, unless the defendant has filed a sworn plea. of *non est factum* within due time.   The action being founded upon the acceptance, and the summons substantially alleging it to be his act and deed, sections 2851, 3454, 3472, 4149 of the code apply in principle.    *Judgment reversed as to instructions given the magistrate.*
March 19, 1894.   Argued at the last term.

*Certiorari.*   Before Judge MILNER.    Bartow superior court.   January term, 1893.

Suit was brought in a justice's court against "Luke C. Ginn, doing business under the name and style of W. H. Terrell," on a draft in favor of the plaintiff, drawn on W. H. Terrell and accepted by him.   No plea was filed until the third term, when L. C. Ginn pleaded that he was not indebted to plaintiff on the contract sued on, nor in any manner whatever, and that he did not undertake or assume this debt in writing or otherwise, and does not owe it.   On plaintiff's motion the court struck this plea, on the ground that it was not filed at the first term.   Plaintiff offered in evidence the acceptance sued on, to which defendant objected on the ground that it was not signed by Ginn, and that there was no proof showing that it was signed by Ginn or authorized by him.   The objection was sustained and the paper excluded.   No further evidence was offered, and the court rendered judgment against the plaintiff and in favor of the defendant for cost.   To these rulings plaintiff excepted by *certiorari;* upon the hearing of which it was ordered that the same be sustained and the judgment below be set aside, and that the case be remanded to the justice's court with instructions to dismiss the same unless plaintiff should prove the allegation in the summons, the court holding that plaintiff should show that defendant did business under the name and style of W. H. Terrell. To this ruling, and to the refusal to render final judgment against defendant on motion, plaintiff excepted.

JOHN W. AKIN, for plaintiff.