# CASES ARGUED AND DECIDED

IN THE

# Supreme Court of Georgia.

## OCTOBER TERM, 1894.

WINGATE & MELL *v.* THE ATLANTA NATIONAL BANK.

1. The declaration, as to form, complied substantially with the requirements of the pleading act of December 15th, 1893.
2. The note declared upon containing a promise to pay attorney's fees, an amendment to the declaration praying for recovery of the same did not set up a new and distinct cause of action.
3. The plea of the general issue having been withdrawn by defendants, no question as to alleged error in striking this plea is presented for adjudication.
4. Although the plea alleged that the defendants' firm did not execute and deliver the note sued upon, yet as it elsewhere alleged that one of the members of the firm did execute and deliver the same, without setting forth sufficient facts negativing the authority of such member so to do, the entire plea, taken together, did not amount to a plea of *non est factum.*
5. There being no denial in the defendants' plea, which was substituted for one previously filed and withdrawn, that the plaintiff acquired the note in due course of trade, before its maturity, and this plea, properly construed, not alleging that the plaintiff had knowledge of any facts which would put it on notice that the defendants were accommodation makers only, there was no error in striking this plea.

November 12, 1894. By two Justices.

Action on note. Before Judge VAN EPPS. City court of Atlanta. March term, 1894.

The petition of the bank was in paragraphs, and the paragraphs which stated the cause of action were numbered. It alleged, that Wingate & Mell as partners

v 95-1

(naming them), as makers, and Black & McIntosh as partners (naming them), as indorsers, owed the bank $200 and interest, for that Wingate & Mell on October 3, 1893, made to Black & McIntosh their promissory note promising to pay to the order of the latter $200 sixty days after date, for value received, and then and there, for a valuable consideration and in due course of business, delivered the same to Black & McIntosh; and that on the same day Black & McIntosh, in due course of business and for a valuable consideration, transferred the note to the bank by indorsement; which note defendants refused to pay. Copy of the note was attached. It contained an agreement to pay all cost of collection, including ten per cent. as attorney's fees. Plaintiff was allowed to amend so that the suit should proceed for attorney's fees, as well as for the principal and interest.

Defendants pleaded that they were not indebted to plaintiffs in manner and form as alleged. Further, it was true they signed the note sued on as makers, but the same was not given in the usual course of business to Black & McIntosh for value received. Defendants denied that plaintiff was an innocent purchaser. Black & McIntosh, as was well known to plaintiff, were heavily indebted for investments in land and improvements. Defendants were contracting plumbers, and did a large amount for defendant Black, Porter Brothers & Black, etc.; for this said parties were indebted to them. Black & McIntosh sold grain. Defendants bought tin, gaspipe, etc. So no indebtedness could ordinarily exist from defendants to plaintiff. Black proposed to pay a portion of defendants' claim in this way. He would take a note from defendants, made to Black & McIntosh, to plaintiff his bank, discount it and turn proceeds over to them, agreeing to pay the note when it fell due. Defendants, supposing he would protect the paper when due, agreed to this, and collected a portion of this bill

in this way. The note fell due and was unpaid. Black came to defendants, got another similar note and renewed the loan. This note fell due and was unpaid, and Black, one of the nominal indorsers, procured the note sued on from defendants, and renewed the loan as above. Defendants never renewed same or paid interest thereon. It was a pure accommodation paper on the part of defendants. There was no consideration passing from Black & McIntosh to them, but Black & McIntosh were largely in their debt at the time. The facts above alleged put plaintiff on notice that it was an accommodation paper. Further, said agreement was entered into by J. L. Mell of the firm sued, without the knowledge and consent of J. H. Wingate his partner. Mell had no power as partner to bind the firm, and the note is void.

Defendants by leave of the court withdrew the foregoing plea, and pleaded that they did not, on October 3, 1893, execute and deliver to Black & McIntosh their note as alleged, and did not, for any valuable consideration and in due course of business, deliver the same to Black & McIntosh. They cannot admit or deny the allegations as to the transfer of the note by Black & McIntosh to the bank. They did refuse to pay the note. The note is an accommodation paper made by J. L. Mell of Wingate & Mell, with Black of Black & McIntosh. No consideration passed to Wingate & Mell therefor. On the contrary, at the time of its execution Black & McIntosh were largely indebted, by indorsements and through joint liability with Porter Brothers, to Wingate & Mell. Said parties were largely interested in building houses, and defendants were engaged in the plumbing and tin business and as such material men did a great quantity of work for said parties above mentioned. Of these facts the bank had full notice. The paper now sued on was in renewal of similar notes, made in like manner and likewise void as being made

by one partner as above set out, without authority from his said firm to execute such paper. As these notes would fall due, Mell and Black would make new notes which Black would negotiate with the bank, renewing his loan, paying the discount charged, and carrying on the negotiation alone. The bank was the depository of Black & McIntosh and not of these defendants. The action of Mell in entering into said accommodation agreement was unauthorized, and the defendant firm is not bound therefor.

MAYSON & HILL, by brief, for plaintiffs in error.

B. F. ABBOTT, contra.

LUMPKIN, Justice.

This was an action upon a promissory note against Wingate & Mell as makers, and Black & McIntosh as indorsers. An amendment to the declaration prayed for the recovery of attorney's fees. The material parts of the declaration and the amendment are set forth by the reporter. Wingate & Mell demurred to the declaration, on the grounds that the plaintiff's cause of action was not set forth in orderly and distinct paragraphs, and that the amendment allowed contained a new and distinct cause of action.

1. We think the declaration, as to form, complied substantially with the requirements of the pleading act of December 15th, 1893. (Acts of 1893, p. 56.) An action upon a promissory note is one of the simplest, as to form, which can be brought in the courts of this State; and while, in bringing an action of this kind, the plaintiff might cut his declaration up into a large number of minute paragraphs, it is not absolutely necessary to do so. It was quite an easy matter for the defendants in the present case to meet by their plea the paragraphs of the plaintiff's petition, by severally and distinctly answering each of the same. Very careful and

accurate pleading might have led to the production of a declaration containing a larger number of separate and distinct paragraphs, and this would have been, probably, the better practice; but it requires no strain, we think, to hold that the declaration with which we are now dealing was, for all practical purposes, sufficient.

2. The note declared upon contained a promise to pay ten per cent. attorney's fees, if collected at law or through an attorney; but, through inadvertence or otherwise, there was no distinct allegation of indebtedness for such fees, nor prayer for the recovery of the same. Nevertheless, there was no error in allowing the amendment praying for a recovery of attorney's fees, over an objection that such an amendment set up a new and distinct cause of action. The promise to pay these fees was part of the plaintiff's cause of action, and this clearly appeared from an inspection of the copy note attached to the declaration. The amendment, therefore, amounted to nothing more than an amplification of the plaintiff's cause of action.

3. We have directed the reporter to set forth the substance of the plea originally filed by the defendants, as well as the contents of the plea which was subsequently substituted therefor. It must not be overlooked that, by the latter, the former was in terms withdrawn. In the beginning of the first plea, the defendants set up the general issue, and followed the same by alleging the special matters upon which they relied as a defense to the plaintiff's action. It will be observed that the substituted plea did not set up the general issue. This latter plea was stricken on demurrer, and complaint is made that this action of the court was erroneous on the ground, among others, that "the plea of the general issue was filed, and same should not have been stricken except on special demurrer." Inasmuch as the defendants themselves withdrew the plea of the general issue,

it is obvious that the alleged error in striking this defense presents no question for adjudication by this court.

4. Another ground of complaint against the action of the court in striking the defendants' plea was, that it set up the defense of *non est factum*, by averring that the note was executed by one of the members of the firm of Wingate & Mell without authority. In dealing with the question thus made, it will, of course, be understood that no reference is had to the plea first filed, because it was withdrawn, and what follows is intended as applicable only to the plea last filed. While it is true that this plea does allege that the firm of Wingate & Mell did not execute and deliver to Black & McIntosh the note sued upon, yet, as this same plea elsewhere admits that Mell, one of the firm of Wingate & Mell, did make the note in question in the firm name, and nowhere sets forth facts sufficient to negative his authority so to do, it follows that the entire plea, taken together, did not amount to a plea of *non est factum*. The plea contains enough to make it apparent that the making and delivering of promissory notes was within the legitimate scope of the business conducted by Wingate & Mell; and while, of course, neither member of this firm would have power to bind the firm by a promissory note given in a matter relating exclusively to his own private business and in which the firm had no interest at all, yet, *prima facie*, a note executed by one member of this firm, in the firm's name, would be binding upon it; and in the absence of allegations distinctly showing that the note was given upon a consideration outside of the firm's business, the plea entirely failed to show that the note in controversy in the present case was not, as it purported on its face to be, a valid and binding contract of the firm.

5. Other grounds of alleged error in striking the defendants' plea were, that it alleged that the note sued on

was an accommodation paper made by Wingate & Mell for the benefit of Black & McIntosh, and that the bank, having notice of the accommodation character of the note, took the same at its own risk. Bearing still in mind that we are dealing alone with the plea substituted for the one originally filed and withdrawn, we are quite sure that sufficient facts were not alleged to show that the plaintiff was put on notice that the defendants, Wingate & Mell, were accommodation makers only—if, indeed, that was the truth of the case. Granting that Black & McIntosh were largely indebted, by indorsements and otherwise, to Wingate & Mell; that the former were largely interested in building houses; that the latter were engaged in the plumbing and tin business, and, as materialmen, did a large quantity of work for Black & McIntosh; and that the plaintiff had full knowledge of these facts, we are at a loss to see how such knowledge could put the plaintiff upon notice of the true relation of Wingate & Mell to the note in question. They were the makers of the note, and, apparently, bound primarily, as such, for its payment; and nothing whatever in the facts just recited (which constitute all with reference to this matter contained in the defendants' plea) was calculated to inform the plaintiff that the note was, as to Wingate & Mell, a mere accommodation paper. The plea nowhere denies that the plaintiff procured the note in due course of trade and before its maturity; and, properly construed, sets forth no valid defense to the action. It makes no difference that the note sued on was in renewal of others previously made in like manner. In any view of the matter, nothing was alleged legally sufficient to defeat a recovery by the plaintiff, and there was no error in rendering a judgment accordingly.　　　*Judgment affirmed.*