1018.    CROCKETT & COMPANY *v.* GARRARD & COMPANY
*et al.*

1. If more than one plea is filed to an action, the court should, upon a timely request from the plaintiff, cause the jury, in case they find for the defendant, to specify upon which one or more of the pleas the verdict is rendered.

(*a*) Such a request is timely if made before the verdict has been recorded and the jury has dispersed.

(*b*) In determining whether the defense presented consists of several pleas or of only a single plea, the court will look to its substance, and not merely to its form.

2. Where the defendant, in compliance with the Neel act (Civil Code, § 4961), which requires him to admit or deny the paragraphs of the petition, categorically denies each paragraph, the separate denials will be regarded as distinct pleas only when the particular allegations denied are such that a simple denial thereof contains all the elements essential to a complete plea on the subject.

(*a*) A denial of a paragraph of the petition, alleging that the defendant resides within the county in which the suit is brought, is not equivalent to a plea to the jurisdiction, puts the plaintiff to proof of nothing, and is therefore not to be considered a distinct defense.

(*b*) If the basis of the action is a written contract alleged to have been executed by the defendant, the plaintiff need not prove the writing, unless the defendant files a formal plea of non est factum under oath; hence a simple denial of a paragraph in which the execution of the instrument is alleged presents no distinct defense.

(*c*) If a breach of contract constitutes the cause of action, a denial of the paragraphs in which the breach and damages are alleged constitutes a distinct defense, being equivalent to a plea of the general issue.

(d) If the defendants are sued as partners under a firm name, the plaintiff need not prove the partnership alleged, unless it is denied either by a plea in abatement, in which a misjoinder of defendants is asserted by reason of the fact that certain persons are included as partners, who are not so, or by a plea in bar filed by one of the individuals, alleging that he is not a member of the partnership and not liable as such. A simple denial of a paragraph alleging that the defendant is a partnership composed of certain persons is not equivalent to a plea of no partnership, whether considered as a plea in abatement or in bar.

(e) If the defendant files and retains in his pleadings two distinct pleas, the plaintiff is entitled to demand that the jury specify on which of them a verdict is rendered, although the proof may wholly fail to support one of them.

3. Where the plaintiff sues upon a written contract executed in a firm name, and alleges that the individual defendants named constitute the partnership, and the defendant does not file a plea of no partnership, but merely denies the paragraph of the petition in which the composition of the partnership is asserted, it is error for the court to instruct the jury that if they find that the plaintiff has failed to sustain this allegation by proof, they should consider the case no further, but should return a verdict for the defendant.

Action on contract, from city court of Dublin—Judge Burch. January 22, 1908.

Argued April 21,—Decided May 18, 1908.

Crockett & Co. brought suit against B. A. Garrard & Co. and William Bales. In the petition it was alleged that B. A. Garrard & Co. was a partnership composed of B. A. Garrard and the Sam Weichselbaum Company, which was a partnership composed of Sam Weichselbaum, N. B. Baum, and L. P. Baum. It was also alleged that William Bales did business under the trading name of William Bales Company. The prayer for process, the process, and the service made all these defendants as well as the alleged partnerships parties defendant. The action was for a breach of a written contract signed "B. A. Garrard & Co., per B. A. Garrard; William Bales Co., per William Bales." To the petition the defendant filed only an unsworn answer, in which the allegations of the petition except as to the residence of the parties were denied; and it was set up additionally that all indebtedness on account of breaches of the contract had been paid to the plaintiff. Upon the trial, evidence was offered by the plaintiff, tending to show, but not legally sufficient to prove, that Sam Weichselbaum Company and the individuals composing it were members of the firm of B. A. Garrard & Co.; the defendant proved that B. A. Garrard

alone was interested at the date of making the contract, and that the alleged partnership did not exist. No formal plea of no partnership was filed. The court charged the jury, among other things: "If you should determine from the evidence in this case that there was no such partnership as the firm of B. A. Garrard & Co., a firm composed of B. A. Garrard and the Sam Weichselbaum Company, which was composed of Sam Weichselbaum, N. B. Baum, and Leo P. Baum, and William Bales Company trading as William Bales,—if you should determine that there was no such partnership as that asserted and declared by the plaintiffs, then I charge you that you should cease your investigations and return a verdict for the defendants." To this an exception is taken. The jury came into court with a general verdict for the defendants. Counsel for the plaintiff moved the court to cause the jury to retire again and to frame their verdict so as to show on which of the pleas of the defendant it was found. The court refused the motion and received the verdict. To this also exception is taken. Other facts necessary to the understanding of the points decided are to be stated in the course of the opinion.

*Ira S. Chappell, E. M. & G. F. Mitchell,* for plaintiffs.

*Daley & Bussey, Peyton L. Wade,* for defendants.

POWELL, J. (After stating the foregoing facts.)

1. We have an express provision in this State that, "If there are several pleas filed by the defendant, a verdict for the defendant must show upon which of the pleas the verdict is rendered." Civil Code, §5330. The plaintiff may invoke this requirement any time before verdict has been finally received and the jury has dispersed. *Continental Bank* v. *Folsom,* 67 *Ga.* 625; *Williams* v. *Gunnells,* 66 *Ga.* 521; *Rabun* v. *Rabun,* 61 *Ga.* 652. The request in the case at bar was timely and should have been granted, if the cause was one in which the rule is applicable. By its terms the rule is applicable only when there is more than one plea filed; and this is determined not by the particular form in which the defense is presented, but by the substance of it. For instance, where the defendant files a defense which, from the diverse form in which it is stated, apparently presents several separate pleas, but in fact consists of only one, the rule is not applicable. *Ventress* v. *Rosser,* 73 *Ga.* 534. Note also the query of Chief Justice Bleckley in *Jones* v. *Grantham,* 80 *Ga.* 472 (7), 479 (5 S. E. 764). Contra-

wise the defendant may in one paragraph or in one sentence assert several distinct pleas; and in such case the plaintiff has the right to invoke the rule.

Looking to the defense presented in this case, we find that the defendants denied the paragraph in which the membership of the partnership was asserted, also the paragraph in which the making of the contract was alleged; also the paragraph setting up the breaches; and additionally set up that all breaches which had occurred had been settled by the payment of a definite sum of money. The plaintiff says this amounted to several pleas; the defendant says it is but a sole defense.

2. Under the Neel act (now Civil Code, §4961), the plaintiff in his petition must set forth the cause of action in orderly and distinct paragraphs, consecutively numbered; the defendant in his answer must admit or deny (or excuse a failure to deny, by an asserted lack of information) each and every paragraph of the petition. Whether a categorical denial of the respective paragraphs of a petition containing a number of distinct allegations is to be given the same effect as the filing of a number of separate pleas under the old system of pleading, depends upon the facts in each particular case. Remembering that it was not the intention of the Neel act to diminish the degree of certainty with which the defendant was already required to assert his defenses, we shall soon see that the categorical denial of an allegation in the petition frequently can be given no effect at all as a defense.

We will exemplify this proposition by the very answer of the defendants now before us. Suppose that instead of admitting, as they did, the basic fact of the venue,—namely, that one of the defendants resided in the county in which the suit was filed,— they had simply denied the paragraph of the petition in which this fact was asserted. This would not have been sufficient as a plea to the jurisdiction; such pleas are to be stated with formality, and require allegations additional to a mere denial of the defendant's residence within the venue. The denial of the allegation as to residence would therefore neither put the plaintiff to proof of the fact, nor entitle the defendants to disprove it; it could not be given effect at all; and certainly would not constitute a separate plea in the sense of the Civil Code, §5330. Upon looking further at the answer before us, we find a denial of that paragraph of the

petition in which the execution of the written contract is alleged.
Is this to operate as a plea of non est factum? If not, the plain-
tiff is not called upon to prove the execution of the paper. *Strange*
v. *Barrow,* 65 *Ga.* 23. See also *Barwick* v. *Kea,* 85 *Ga.* 564 (11
S. E. 871) ; *Lowe Cracker Co.* v. *Ginn,* 94 *Ga.* 408 (20 S. E. 106) ;
*Matthews* v. *Bates,* 93 *Ga.* 319 (20 S. E. 320). A plea of non est
factum must be under oath, and must aver not only that the al-
leged maker did not sign the instrument, but that it is not his act
or deed. Civil Code, §3701; *Wingate* v. *Atlanta National Bank,*
95 *Ga.* 1 (4), (22 S. E. 37). The denial under consideration is of
no defensive value, in the form in which it is stated, and therefore
does not constitute a distinct plea. The denial of the paragraphs
in which the breaches of the contract are set forth has the same
effect that a plea of the general issue would have had under the
old practice. This plea is not required to be verified, or to be
stated with any particular formality. This denial therefore con-
stitutes a distinct and separate plea, and is to be given effect as such
in the trial of the case and in the application of the Civil Code,
§5330.

The only other denial now requiring attention relates to the
paragraph in which the membership of the partnership is alleged.
To this denial the trial judge gave so great effect that he charged
the jury that if the plaintiff had not proved this paragraph of the
petition just as he had alleged it,—if he had not shown that the
partnership was composed of the persons whose names were set out
as constituting it,—the jury should investigate the case no further,
but should return a verdict for the defendants. The Civil Code,
§2637, provides: "Parties suing or being sued in their firm name,
the partnership need not be proved unless denied by the defendant,
upon oath, on plea in abatement filed." For this code section and
its peculiar language, the act of 1841 (Cobb's Digest, 590) is in part
responsible. In the preamble to that act it is recited, that
many of the judges of the superior court (the Supreme Court had
not then been established) had been holding that in cases sued
in the name of joint traders or copartners, a recovery could not
be had, unless the plaintiff proved such a copartnership existed;
it was therefore enacted, that "it shall not be deemed or held
necessary, in any of the courts of law or equity of this State, for
a firm of joint traders or copartners in any business, trade or

profession, who are or hereafter may be plaintiff, in any cause pending in either of said courts, to prove their copartnership: provided, nevertheless, that nothing contained in this act shall prevent said courts, or any of them, from requiring such proof in any case where the defendant or defendants shall, regularly, by plea in abatement, deny the existence of such firm or copartnership, as may be set forth by the plaintiffs in their bill, petition, declaration or writ."

Soon after the section above quoted was inserted into the code in substantially the same language in which it now stands, the expression "on plea in abatement filed" met with criticism from the Supreme Court, in the case of *Long* v. *McDonald*, 39 *Ga.* 187. In the third headnote in that case the following language is used: "A plea denying the existence of a partnership is a plea in bar, and, although sworn to, is not a dilatory plea which is required to be filed at the first term of the court;" and this language is quoted approvingly and applied in the case of *Solomon* v. *Creech*, 82 *Ga.* 445 (9 S. E. 165). It is with much hesitancy that we criticise a statement emanating from authority so high and so ancient of recognition as the two benches by which these decisions were pronounced, but we are convinced that the language just quoted from the headnote in the *Long* case and reasserted in the *Solomon* case evinces a misconception of the scope and object of the code section under consideration. The *Long* case and the *Solomon* case were both suits against several persons as members of a designated partnership; in neither of the cases was it denied that a partnership of the alleged name and style existed; nor did those of the defendants who made no denial of their connection with the firm file any plea setting up the misjoinder of the others with them, but in each of the cases named one of the defendants alone set up that he was not a member of the firm and was therefore not liable to the plaintiff whose action was based on a debt against the partnership. Manifestly such a plea is not a plea in abatement, is not in any wise a dilatory plea, but is essentially a plea in bar. The criticism we are now about to make is not that the actual principle applied in these cases is incorrect, but that the court in each case was mistaken in supposing that the code section in question had reference to such a plea as was there filed. It refers to a case where a suit is instituted by or against

persons suing or being sued under a firm name, and the defendants deny that the partnership exists as alleged, or (to change the statement from the negative to the affirmative form) assert that the parties plaintiff or defendant, as the case may be, have been improperly joined in the action, for the reason that no such relation exists between them that they may sue or be sued in the form in which the suit is proceeding; and this is simply a plea of misjoinder, a mere dilatory plea, which leaves out of issue all question as to whether, on its merits, the action is well founded, and concedes for the sake of argument, so to speak, that some of the plaintiffs (if the misjoinder be asserted of that side of the case) may be entitled to recover, or that some of the defendants (if the misjoinder be asserted of that side of the case) may be liable to the plaintiff; and this, as the code asserts, is purely a plea in abatement, which should be filed at first term and under oath.    Civil Code, §5058; *Merritt* v. *Bagwell,* 70 *Ga.* 579, 585; *Macon R. Co.* v. *Davies,* 27 *Ga.* 113, 117.    We return now to the more immediate consideration of the question whether the denial` by the defendant of the paragraph of the petition in which it is asserted that the partnership sued was composed of certain persons amounted to any defense, or to such a defense as to be equivalent to a separate and distinct plea.    It certainly does not amount to a plea of the character of those under review in the *Long* case (39 *Ga.* 187) and in the *Solomon* case (82 *Ga.* 445), for none of the individual defendants asserts his lack of connection with the firm or with the contract sued on.    Whether in a suit upon open account or in other similar action it would be necessary for such a plea in bar to be sworn to is not now involved in the matter before us; for the present action being based on a written contract, such a plea would be as to the defendant filing it an individual plea of non est factum.    *Lowe Cracker Co.* v. *Ginn,* supra; *Barwick* v. *Kea,* supra; *Holman* v. *Carhart,* 25 *Ga.* 608, wherein the case of *Collier* v. *Cross,* 20 *Ga.* 1 (by two Judges only), is criticised and explained.    It is equally impossible to consider the denial now under discussion as a strict plea of no partnership, that plea of misjoinder which Civil Code, §2637, has in contemplation; for such pleas must not only be sworn to, but must plead the alleged cause of abatement with the greatest strictness.    Andrews' Stephen's Pleading, §71, and note; 1 Chitty Pl.

445. This denial therefore constituted no defense, no separate plea.

Upon examining the defendants' answer throughout, we find, therefore, that so far as it merely denied the allegations of the plaintiff's petition, only one distinct available plea was set up,— the equivalent of the old plea of general issue; and if the answer had ended here, section 5330 of the Civil Code, which requires the jury to specify upon which of several pleas the verdict is rendered, would not be applicable. However, the defendants added a plea of payment, good in form and substance. It is true that they failed to establish this plea by proof; indeed, after examining the evidence on this subject, we are satisfied that the defendants never really intended to plead a payment to the cause of action sued on; but the plea as written is capable of no other fair construction. The failure of the defendant to prove this plea affords no justification for the court's refusal to require the jury to specify whether their verdict was founded upon this plea or the other; indeed it makes the requirement only the more important; for if the jury had reported that their verdict was based on this plea, the plaintiff could have easily shown that it was unsupported by evidence.

3. In discussing the error assigned upon the court's refusal to require a specific verdict, we have incidentally shown that the other exception of the plaintiff in error is well taken; for, as stated above, the action being based on a written contract, and, no plea of no partnership (whether we use this expression as referring to the plea in abatement or to the plea in bar) having been filed, the plaintiff was not required to prove the allegation; and it was manifest error for the court to instruct the jury that if the plaintiff failed to prove this they should make no further investigation into the case, but should render a verdict for the defendants.

As the case is to go back for another trial, we should perhaps add that it is now too late for the defendants to file a plea in abatement; but any of the individuals sued may file under oath a plea of non est factum by amendment; if so, the sustaining of that plea would release only the particular defendant filing it, and the verdict should go against the others, if a liability is established.

*Judgment reversed.*