14692.   TENNESSEE CHEMICAL CO. *v.* RICKS *et al.*

1. A plea good in substance and containing matter of substantial right which can be presented by a plea is good against a motion to strike.
2. In determining whether a defense presented consists of one or more pleas, the court will look to the substance, and not merely to the form.
3. Where, to a suit for the purchase price of fertilizer, against three persons as a partnership, two of the alleged partners file a defense wherein they categorically deny the paragraphs of the petition, and further plead that there never was such a partnership, and that they did not purchase the fertilizer and did not authorize any one to purchase it for them either as a partnership or as individuals, the defense contains two distinct pleas, one a denial of indebtedness, and the other a plea in bar, of no partnership.
4. Ordinarily, where more than one plea is interposed to an action, and the jury returns a general verdict for the defendant, the court should, upon a request made before the verdict is entered and the jury dispersed, have the jury specify upon which plea or pleas the verdict is based, but the court's refusal so to do does not work a reversal unless injury concurs with error.

DECIDED OCTOBER 3, 1923.

Complaint; from city court of Fort Gaines—Judge Turnipseed. May 18, 1923.

*Lowrey Stone, Zach. Arnold,* for plaintiff.
*Homer Beeland, P. C. King,* for defendants.

LUKE, J.   The Tennessee Chemical Company sued Ricks, Hill & Brown, a partnership composed of F. A. Ricks, J. G. Hill and T. A. Brown, and the individuals Ricks, Hill, and Brown, for the purchase price of fertilizer alleged to have been contracted for by said partnership through said Brown, one of the partners, and delivered in accordance with the terms of the contract. Two of the alleged partners, Ricks and Hill, filed their plea and answer in four paragraphs, the first two paragraphs being a categorical denial of each paragraph of the petition, and the third and last being as follows: "Further answering, these defendants say: There is no such firm, or partnership, as Ricks, Hill & Brown. They

have not purchased the fertilizer as alleged in said petition, nor did they authorize any one to purchase the same for them, either as a firm, or as individuals, or partnership. They have received no benefit from said fertilizer. Wherefore, having fully answered, defendants pray they be discharged." The entire answer was filed at the first term and sworn to. The jury found a general verdict for defendants Ricks and Hill.

Plaintiff complains of the court's refusal to strike the fourth paragraph of the answer: (1) because it failed to deny that Ricks and Hill were members of the partnership; (2) because the allegation that "they received no benefits from said fertilizer" is insufficient in law and is no defense to the action brought; (3) because the allegation that there is not, and never has been, such a partnership cannot be pleaded in an answer, but should have been presented by plea in abatement. "The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can present by plea." *Tuxworth* v. *Barber,* 21 *Ga. App.* 748 (1) (94 S. E. 1042). Measured by this rule, grounds 1 and 2 of the motion to strike are not meritorious.

The third ground deserves more consideration. "In determining whether the defense presented consists of several pleas or of only a single plea, the court will look to the substance, and not merely to its form." *Crockett* v. *Garrard,* 4 *Ga. App.* 360 (1 *b*) (61 S. E. 552). An examination of the answer filed convinces us that it presents two separate and distinct defenses, (1) a denial of the petition by paragraphs, which has the same effect as the plea of the general issue would have had under the old practice, and (2) a plea of no partnership. See *Crockett* case, supra, headnote 2. Then, was the plea of no partnership a plea in abatement or in bar? Justice Atkinson, in *Bray* v. *Peace,* 131 *Ga.* 640 (62 S. E. 1026), said: "It is evident, in our opinion, that it is the intention of the law that dilatory pleas shall be expressly filed as such, at the first term of the court, under oath, and that they are to be tried and disposed of before the trial on the merits." In *Crockett* v. *Garrard,* 4 *Ga. App.* 366 (61 S. E. 552), it was said that such pleas must be pleaded with the greatest strictness. In the light of these authorities it is at least apparent that the defense under considera-

tion was not pleaded as a dilatory plea should be pleaded. "If the defendant upon establishing the facts can defeat the plaintiff's cause of action in whole or in part, or can obtain any substantial relief against the plaintiff, the plea is not dilatory, but is a plea to the merits. On the other hand, if the effect of sustaining the plea is not to deny or diminish the defendant's liability, but is merely to defeat the plaintiff's action as presently laid and to leave him with an unimpaired right to sue over again in some other form or way, or in some other court, on the same cause of action, the plea is dilatory." *Southern Ry. Co.* v. *Ansley,* 8 *Ga. App.* 332 (68 S. E. 1090). Considering the substance of the plea, as we must do in determining its nature, we cannot escape the conclusion that its effect, should it prevail, would be to defeat the cause of action as to the two defendants pleading, and that it is therefore a plea in bar. We are confirmed in this conclusion by the cases of *Long* v. *McDonald,* 39 *Ga.* 187, and *Solomon* v. *Creech,* 82 *Ga.* 445 (9 S. E. 165). In the former of these cases, in passing upon a plea filed by one of the partners to a suit brought against a partnership composed of two partners, that he "never authorized Phinizy to contract the account here sued on, and that he is not now, and never was, Phinizy's partner," the court said: "A plea denying the existence of a partnership is a plea in bar, and, although sworn to, is not a dilatory plea which is required to be filed at the first term of court." Neither of the decisions last cited has been overruled. They were criticised in *Crockett* v. *Garrard,* supra, but, measured by the test there laid down, the plea under consideration is a plea in bar. The motion to strike was therefore properly overruled.

Plaintiff further contends that the court erred in not having the jury frame their verdict so as to show upon which plea it was based. It is generally true that "If more than one plea is filed to an action, the court should, upon a timely request from the plaintiff, cause the jury, in case they find for the defendant, to specify upon which one or more pleas the verdict is rendered," and that "such a request is timely if made before the verdict has been recorded and the jury dispersed." *Crockett* v. *Garrard,* supra. We think, however, that the foregoing rule must be tempered by the rule, that "Paramount to every other consideration is the rule which requires that injury shall concur with error, before the finding of a jury

should be set aside." *Southern Ry. Co.* v. *Ansley,* supra. Though sharply conflicting as to whether there was a partnership, the evidence was amply sufficient to sustain a finding of no partnership. It abundantly appears from the evidence that the fertilizer was ordered by Brown and delivered according to the contract, and this evidence is not controverted. The court's charge that the jury should find for the defendants if they should conclude there was no partnership, and for the plaintiff if there was a partnership, was in effect the direction of a verdict against the plea of not indebted, and left partnership the only issue in the case. This being true, the plaintiff suffered no injury from the failure of the court to have the jury designate on which of the pleas their verdict rested.

The criticisms of the court's charge and the exceptions to the introduction of evidence present no sufficient grounds for a reversal. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*