BAKER *v.* HIGGENBOTHAM.

No. 12540. OCTOBER 15, 1938.

*William H. Boyd* and *John J. Hennessy,* for plaintiff.

*G. B. Cowart,* for defendant.

GRICE, Justice. This was a suit for specific performance, brought by Baker against Higgenbotham, in which the plaintiff was nonsuited, and he excepted. The evidence showed that the property involved was originally sold by Higgenbotham to Purvis; that Baker acquired his right under a transfer of the contract from Higgenbotham to Purvis, by the terms of which the former recited that he had received of Purvis twenty-five dollars as first payment on a certain town lot of land, and that he had agreed to sell the same to Purvis for three hundred dollars to be paid on specified dates, and that a warranty deed would be made when the last payment was made; that the transfer was made to Baker on November 17, 1917; that the transferee went into possession within two weeks of said date, and has been in continuous possession ever since; that he has paid in full all moneys called for by the contract of sale; that his final payment was made on February 27, 1923; that Higgenbotham told Baker to make his payment to the Bank of Kingsland; that all payments were made by him to this bank, except two, and these last two payments were made directly to Higgenbotham; that Higgenbotham told him to prepare a deed and leave it at the bank, and that upon the payment of the amount due under the contract he (Higgenbotham) would sign the deed; that under this agreement the deed was prepared, left at the bank, and payments in full were made by the plaintiff to the bank; that in 1933 the plaintiff made a demand of the bank for his deed, and was then told that it could not be found, but that it had been returned to Higgenbotham. Whereupon suit was begun, the prayer of the petition being "that said defendant be required to execute and deliver to petitioner a warranty deed to the property described in said agreement for title."

Counsel for the defendant argues that the nonsuit was proper, because it appears that the cause of action, if any, was barred by the statute of limitations. It appears that the defendant made an oral motion to dismiss the action on this ground, but this motion was either overruled or never acted on. Even assuming that this was a proper method of invoking the statute, the defendant did

not except. The evidence above summarized supported every material averment in the petition. If it did not speak the truth, or if there were additional facts which would have produced a different result, the burden was upon the defendant to bring forward the other testimony, and let the jury pass upon it. It was error to award a nonsuit. *Judgment reversed. All the Justices concur.*