## 32757. LANIER *v.* WADDELL.

DECIDED JANUARY 6, 1950.

714

*Kirkland & Lane*, for plaintiff.

*Homer S. Durden Jr.*, for defendant.

FELTON, J. The plaintiff, having failed to allege presentment,

dishonor and notice in his original petition, sought by amendment to show waiver of these elements by the defendant. Where one sues the drawer of a bill of exchange and fails to allege presentment, refusal to pay, dishonor and notice, an amendment setting forth these facts is allowable. *Jones* v. *Warren,* 60 *Ga.* 360. The same rule applies where one suing the drawer of a check, on such check fails to allege waiver of presentment, dishonor and notice, and seeks to establish such facts by amendment. "Presentment for payment is dispensed with: . . (3) By waiver of presentment, expressed or implied." Code, § 14-713. "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." Code, § 14-821. "Presentment and notice of dishonor of a negotiable instrument may be dispensed with or waived under certain conditions, under the provisions of the negotiable instruments law of this State." *Murray* v. *Anderson,* 73 *Ga. App.* 771 (38 S. E. 2d, 131). Also see *Biggers* v. *Bank of Ringgold,* 38 *Ga. App.* 521 (144 S. E. 397). The defendant in error contends that the plaintiff by his amendment sought to change the action from one originally based on a check to one based upon an open account, and that the plaintiff by his amendment sought to vary the terms of a written agreement or instrument by parol. These contentions are without merit. While it is true that the plaintiff went into the surrounding circumstances of the transaction, it is evident from the amendment that he did so not to vary the terms of the instrument but to show that the defendant had waived presentment, dishonor and notice. The plaintiff in his original petition relied upon the instrument as being a check and continued to do so in his amendment, setting up allegations of waiver on the part of the defendant.

The amendment cured the defect in the original petition sufficiently to withstand a general demurrer.

Under the ruling stated above the amendment should have been allowed and the trial court erred in sustaining the demurrer and in refusing to allow the amendment.

*Jvdgment reversed. Sutton, C. J., and Worrill, J., concur.*