### 33333.   LANIER *v.* WADDELL.

DECIDED MARCH 2, 1951.

*Kirkland & Lane,* for plaintiff.

*Homer S. Durden Jr.,* for defendant.

SUTTON, C. J.  When this action on a check was previously before this court (*Lanier* v. *Waddell,* 80 *Ga. App.* 713, 57 S. E. 2d, 240), it was held that the petition, which was defective in that it failed to allege presentment and notice of dishonor, was amendable to show waiver of these elements.  The petition as amended alleged that the check for $524 was drawn by the defendant to the plaintiff's order after a settlement of accounts; and that the parties had agreed that the check was not to be presented to the drawee bank, since the defendant had no funds therein.  The check, with credits of $23.96 and $50 entered thereon, was attached to the petition.  The check and the amendment to the petition are set out verbatim in the report of this case in 80 *Ga. App.* 713.

The defendant in his answer, filed at the first term, admitted the jurisdictional allegation, but denied all other paragraphs of the petition.  The plaintiff demurred to the answer, and this demurrer was overruled.  The defendant amended his answer, and the plaintiff moved to strike the amendment.  The trial judge overruled this motion, but sustained the plaintiff's special demurrers to the first amendment of the answer.  The defendant filed his second amendment to comply with the special demurrers.  Then the defendant amended a third time, and the plaintiff's motion to strike this amendment was denied.

The answer as amended alleged substantially the following: On April 12, 1947, the plaintiff and the defendant made a verbal contract for the defendant to purchase from the plaintiff two rolls of wire fencing, a set of wire clamps, a tobacco transplanter, a pair of cotton scales, and three cows.  The price for these items, together with the settlement of any other debts that the

defendant might owe the plaintiff, was to be $524, and this lump sum was reached with no value attached to any one item. The defendant executed the check, or memorandum of indebtedness, and the plaintiff agreed to deliver these items. The plaintiff delivered the three cows, but refused to deliver the rest of the property. The defendant paid $50 to be applied on the price of the cows. The parties then agreed for the plaintiff to take back the three cows and two yearlings and sell them. There was to be a settlement after the sale, in which the defendant was to be credited with the $50 paid to the plaintiff, with the items purchased but not delivered, with the price of the three cows bought and returned, and with one-half of the sale price of the yearlings. The plaintiff agreed to this and carried off the five head of cattle, but he refused to settle with the defendant or to make the credits agreed to.

The trial resulted in a verdict and judgment for the defendant. The plaintiff's motion for a new trial was overruled. To this ruling the plaintiff excepts, and he also assigns error on his exceptions pendente lite to the denying of his motions to strike the defendant's answer and the first and third amendments thereto.

■ The plaintiff moved to strike the answer on the grounds that, since it was not a plea of non est factum to a suit based on a written contract, and since it was merely a plea of the general issue to a suit upon an unconditional contract in writing, no issuable defense was raised.

Where the basis of an action is a written contract alleged to have been executed by the defendant, it is not necessary for the plaintiff to prove the writing, unless the defendant files a formal plea of non est factum under oath, as a simple denial of a paragraph in which the execution of the instrument is alleged presents no distinct defense. *Crockett* v. *Garrard*, 4 *Ga. App.* 360 (2a) (61 S. E. 552). The answer here was ineffective to deny the execution of the check sued on.

The other ground of the demurrer raises the question as to whether or not a check is an unconditional contract of the drawer, within the rule that a denial of the indebtedness alleged is not an issuable defense to an action on such a contract. The reason for this rule is simply that no further proof is required

beyond the writing itself to establish the plaintiff's cause of action. Unless the execution of the unconditional written contract is denied by a plea of non est factum, or unless other matter of avoidance is introduced by the answer, there is no issue formed for the jury's determination.

The drawer of a check "engages that on due presentment the instrument will be accepted or paid, or both, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder." Code, § 14-602. In an action on a check against the drawer thereof, a petition which fails to allege presentment and notice of dishonor, or facts excusing presentment and notice of dishonor, is subject to general demurrer. *Boatenreiter* v. *Williams*, 58 *Ga. App.* 635 (199 S. E. 558). When this case was here before (*Lanier* v. *Waddell*, 80 *Ga. App.* 713), it was held that the amendment to the petition, to show that the defendant had waived presentment and notice of dishonor, was sufficient to cure the defect of the original petition in this respect.

Plainly, presentment and notice of dishonor are conditions of the drawer's liability on his check, and the contract of the drawer is not unconditional. The answer, in which the defendant denied the material allegations of the petition, formed an issue at least as to whether or not presentment and notice of dishonor had been waived; and the answer, defective as a plea of non est factum, was nevertheless sufficient to withstand a general demurrer. The trial judge did not err in overruling the plaintiff's demurrer to the answer.

The plaintiff moved to strike the amendments to the answer on the ground that there was nothing to amend by. Since the answer presented an issuable defense, there was enough to amend by, and it was not error for the trial judge to deny the motions to strike the amendments to the answer.

■ Was there evidence to sustain the defendant's plea and the verdict for the defendant? We think not. The defendant's evidence showed that the parties had, in April, 1949, agreed that the plaintiff would sell three cows and several other items of personal property to the defendant and settle any debts which the defendant might owe the plaintiff for $524, which was the amount of the check given to the plaintiff. The de-

fendant testified that none of the items promised except the cows were turned over to him, and that the plaintiff later took back the cows. This might have amounted to a rescission of the contract, except for the fact that the defendant, according to his testimony, still had the benefit of the settlement of the previous indebtedness. Had none of the cows or other personal property been delivered, there would not have been a total failure of consideration for the check.

Partial failure of consideration is a defense pro tanto against any person not a holder in due course of a negotiable instrument. Code, § 14-305. But here there was no evidence as to the value of what the defendant received and retained under the contract in which the check was given, that is, the settlement of the prior indebtedness. The defendant testified that the agreed price of the farm he had purchased from the plaintiff was $5400, net to the plaintiff, with the defendant assuming the expenses of the sale and conveyance; that he gave the plaintiff $5200 "and something," and owed the plaintiff the difference between that sum and $5400. There was evidence that the defendant had paid $100 on this debt before giving the check in question, and $73.96 after the check was given. The jury was not authorized to find that the defendant received nothing for the check, and in the absence of a showing of the value of what the defendant did receive, the verdict for the defendant was not sustained by the evidence. *Clegg-Ray Co.* v. *Indiana Scale Co.*, 125 *Ga.* 558 (54 S. E. 538); *Krauss* v. *Flournoy*, 7 *Ga. App.* 322 (66 S. E. 805); *Jones* v. *Roper*, 39 *Ga. App.* 309 (2) (147 S. E. 156). It was error to overrule the plaintiff's motion for a new trial on the general grounds.

■ Since the case is to be tried again, no ruling is made upon the special grounds of the motion for a new trial complaining of minor inaccuracies in the charge, which are not likely to recur. The written request to charge to the effect that the check covered all transactions between these parties as individuals prior to the execution of the check, and that the parties would be concluded from going behind the settlement evidenced by the check, was not adjusted to the issues of the case, and was properly refused by the trial judge.

*Judgment reversed. Felton and Worrill, JJ., concur.*