35329.   A. J. CANNON & CO. *v.* COLLIER *et al.*

DECIDED NOVEMBER 1, 1954.

*Stow & Andrews,* for plaintiff in error.

*Telford, Wayne & Smith,* contra.

FELTON, C. J. ■ (a) The assignment of error, "To said ruling [the granting of a nonsuit], the plaintiff duly excepted and now excepts and assigns said ruling and judgment of nonsuit as error," is sufficient to present a question for review. *Fargason* v. *Ford,* 119 *Ga.* 343 (46 S. E. 431) ; *Randolph* v. *Brunswick & Birmingham R. Co.,* 120 *Ga.* 969 (48 S. E. 396) ; *Baker* v. *Higgenbotham,* 186 *Ga.* 895 (2) (199 S. E. 174).

(b) The assignment of error, "To this ruling of the court [the overruling of demurrers to the answers], the plaintiff in error excepted and now excepts and assigns the same as error upon the grounds that said order overruling plaintiff's demurrer to the defendant's answer was contrary to law," is sufficient to present a question for review where the demurrer and answer are specified as parts of the record. *McGregor* v. *Third Nat. Bank,* 124 *Ga.* 557, 562 (3) (53 S. E. 93) ; *Toomey* v. *Read & Gresham,* 133 *Ga.* 855 (1) (67 S. E. 100).

■ The plaintiff contends that the court erred in overruling the general demurrers to the separate answers of the defendants Collier and Gravitt. The demurrers were on the ground that the answers failed to set forth good defenses to the action. The defendants admitted paragraphs one and two of the petition, denied paragraphs three, four, six and seven, and for the want of sufficient information neither admitted nor denied paragraph five. For further answer the defendants alleged additional matters. Paragraph five of the original petition alleged: "That plaintiff presented said check for payment in due course of banking and payment was refused by the said Gainesville National Bank for the reason that the account of Collier & Gravitt was insufficient to pay same." The answer to paragraph five, that for want of sufficient information the defendants neither admitted nor denied that paragraph, was tantamount to a denial. Code § 81-103. While the answers were not sufficient to deny the execution of the check sued on, they were sufficient to form an issue as to whether the check was presented for payment and payment refused for insufficient funds. *Lanier* v. *Waddell,* 83 *Ga. App.* 423, 424 (64 S. E. 2d 79). The court did not err in overruling the demurrers to the answers to the original petition.

■ The evidence showed: that the signed check was delivered by the defendant Gravitt to Mrs. Moore, the payee, with the amount left blank; that Mrs. Moore took the blank check to the plaintiff's place of business and there discussed her account with the plaintiff with one of the plaintiff's agents; that the agent saw that the check was blank as to the amount; that after discussion of Mrs. Moore's account with the agent, Mrs. Moore in the presence of the agent and with the agent looking on filled in the check in the amount of $1,275; that the agent did not make any inquiry as to Mrs. Moore's authority concerning what the amount should have been; that the check was not supposed to be filled in for the amount of $1,275. Code § 14-214 (which is § 14 of the U. N. I. L.) provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion it must be filled up strictly in accordance with the authority given and within a reasonable time. If any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." Whatever may have been the law prior to the adoption of this section, the section puts a purchaser of blank paper on inquiry as to the authority given regarding the blanks. Beutel's Brannan Negotiable Instruments Law (7th ed.), p. 352; 10 C. J. S., 826, § 328 b. In the instant case, when Mrs. Moore took the check to the plaintiff's place of business with the amount in blank and filled in the blank with the plaintiff's knowledge, the plaintiff was put in the same position it would have been in had Mrs. Moore transferred the check to it in blank. In either event, the plaintiff would be put on inquiry as to Mrs. Moore's authority relative to the amount of the check, and when it took the check under the circumstances described, it took it at its peril. The court did not err in awarding the nonsuit.

At the time of the trial Mrs. Moore had filed no defense and the case was in default as to her. The plaintiff sought to put Mrs. Moore on the stand as an opposite party for the purpose of cross-examination. The court would not allow the plaintiff to put Mrs. Moore on the stand for this purpose. He stated that, if the plaintiff wanted to examine her for the purpose of making out a case against her, he would permit it, but if the plaintiff wanted to examine her for the purpose of making out its case against Collier and Gravitt, the plaintiff would have to put her on the stand as its own witness. The court did not err in making this ruling. Mrs. Moore was sued as an indorser, while Collier and Gravitt were sued as makers. Their defenses were different and their interests in the case were not so related as to render them joint defendants for the purpose that one could be called on cross-examination to testify against the interest of the others.

The court did not err in overruling the demurrers to the answers, in awarding a nonsuit and in refusing to allow the plaintiff to put Mrs. Moore on the stand for cross-examination on matters relating to the case against Collier and Gravitt.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*