## 36253. FERGUSON *v.* STRATTON.

CARLISLE, J. 1. Code § 14-214 (which is § 14 of the U. N. I. L.) provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. *In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given* and within a reasonable time. . ." (emphasis by the court); and in a suit upon such an instrument brought by the payee against the maker, a nonsuit is properly granted where the evidence fails to show that the note which was signed and delivered in blank was filled up strictly in accordance with the authority given by the maker (see in this connection *A. J. Cannon & Co.* v. *Collier,* 91 *Ga. App.* 40, 84 S. E. 2d 482); and where, upon the trial of an action brought by a named payee against the maker for the face amount of a promissory note, which the maker admits he signed in blank, the note is introduced in evidence, but there is no evidence that the blanks appearing in the note were filled up in accordance with the authority given by the maker, the trial court does not err in awarding a nonsuit.

2. A judgment of a trial court ruling upon demurrers to a pleading in which

464

time is allowed for amendment is not subject to exception or review by the appellate courts. *Weinstein* v. *Rothberg,* 87 *Ga. App.* 94 (73 S. E. 2d 106); *Godwin* v. *Hudson,* 93 *Ga. App.* 858 (93 S. E. 2d 379).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided October 16, 1956.

*Long & Jones,* for plaintiff in error.

*Frank R. Lea, Holland & Lea,* contra.